UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

          Plaintiff,

    v.

THE CITY OF NEW YORK, NYPD
SERGEANT RICHARD ROE, and NYPD
OFFICERS JOHN AND JANE ROES #1-10,

          Defendants.

Case No. 22 Civ. _____

**REDACTED COMPLAINT
AND JURY DEMAND**

Plaintiff ▮▮▮▮▮▮▮, by and through his attorneys, Emery Celli Brinckerhoff

Abady Ward & Maazel LLP, for his Complaint alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is a case about an honest man who was betrayed and abandoned by a

dishonest police officer.  Plaintiff ▮▮▮▮▮▮▮, a working man with a family to support, ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Plaintiff was

jailed ▮▮▮▮▮▮▮▮▮ and was the subject of a baseless felony charge ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮  In this case, Plaintiff seeks recompense for the denial of his liberty and for

the serious injuries he suffered and continues to suffer with. He seeks an answer to the question:
Why? He seeks justice.

## THE PARTIES

2.    Plaintiff ███████ is a citizen of the United States and at all relevant

times was a resident of the State of New York. ████████████████████████



3.    The City of New York is a municipality that is a political subdivision of

the State of New York. The City of New York is the employer of the Defendant NYPD Sergeant

███████████, and the employer of Officers John and Jane Roes #1-10.

4.    Defendant ███████████ (Shield No. Unknown), at all times relevant to

this Complaint, was an NYPD sergeant, and as such was employed by the City of New York. In

this role, ██████ was a duly appointed and acting officer, servant, employee, and/or agent of

the City of New York. At all relevant times, ██████ was acting in the scope of his employment

and under color of law pursuant to the statutes, ordinances, regulations, policies, customs, and

usage of the City of New York and the State of New York.

5.    Defendant Officers John and Jane Roes #1-10, at all times relevant to this

Complaint, were duly appointed officers of the NYPD, ██████████████████

████████████████████████████████, and acting under color of law

2

pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the State of New York. At all times stated herein Defendant Officers John and Jane Roes #1-10 were acting within the scope of their employment. Defendant Officers John and Jane Roes #1-10 are being sued under fictitious names because their names are unknown at this time.

6.      Defendants ███████████ and Officers John and Jane Roes #1-10 are collectively referred to as "Defendant Officers."

## JURISDICTION, VENUE & PROCEDURAL HISTORY

7.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, through 42 U.S.C. §§ 1983 and 1988, and New York State law.

8.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367.

9.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because the acts complained of occurred in the Southern District of New York.

10.     A Summons with Notice naming the City of New York, ███████████

███████████████████████████████████████████████

███████████████████████████

## JURY DEMAND

11.     Plaintiff demands trial by jury.

## FACTUAL ALLEGATIONS

███████████████████████████████████████

12.     For five years, ███████████████████████████████

███████████████     ███████████████████████████

███████████████████████████████████████████████

███████     ███████████████████████████████████

3



13.    On information and belief, Defendant [REDACTED] is a twenty-year

veteran of the NYPD.  In or around late 2016 or early 2017, [REDACTED]

14.    [REDACTED]

15.    [REDACTED]

16.

17.

18.

19.

20.

21.



███████████████████████████████████████

22. ████████████████████████████████████

███████████████████████████████████

23.   Cell phone records demonstrate that Plaintiff made multiple attempts to

reach ████████████████████████████████████████████

██████   ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████

24. ██████████████████████████████████████████

██████████████████████████   Plaintiff complied with that direction.

████████████████████████████████████████

25. █████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████

26. █████████████████████████████████████████

████████████████████████████████████   On information and belief, when he

was assigned to █████████████, the Detective worked on ██████████████████ with other law

enforcement officers, Defendant Officers John and Jane Roes #1-10, whose names are not yet

known.

27.   ███████████████████████████, in or around ████████, the Detective

began monitoring ███ cell phone.

28.    On information and belief, the Detective received information from ███

████████████████████████████████████████

Specifically, in or around ███████, the Detective learned from ████████

████████████████████████████ On information and belief, the

Detective conferred with other law enforcement personnel to confirm ████████

███

29.    ███ knew the identity of ██ and had previously discussed ███

████████████ with Plaintiff, having, on information and belief, learned of it

from the Detective.

30.    On information and belief, ███ was aware of the work of ██

███ and was informed, probably by the Detective, of ████████

████████████ Despite this knowledge, and despite ███ having also

been informed by Plaintiff about ████████████████

████████ took no steps to ensure that senior officials with ███ or

the NYPD knew that ████████████████████

████████████████████████

████████████████████████

31.    ████████████████████████

████████████  ████████████

████████████████████████ █

████████████████████████

████████████  ████████████





37.     Plaintiff took no action in furtherance of

38.

39.

40.



Plaintiff agreed.

41.

42.   Despite being aware of the full picture concerning ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Defendant Officers John and Jane Roes #1-10 falsely asserted that Plaintiff was ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, caused his arrest, and caused a fruitless search warrant to be issued and executed at Plaintiff's home address.

***Plaintiff Is Arrested and Charged with*** ▮▮▮▮▮▮▮▮▮▮▮▮▮

43.   ▮▮▮▮▮▮▮▮▮▮▮▮▮

At that time, members of ▮▮▮▮▮ appeared and took Plaintiff into custody.  Plaintiff was immediately transported by members of ▮▮▮▮▮ to a law enforcement location where he

10

was formally arrested and interrogated on videotape by members of ██████. ██████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████ █████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████ On information

and belief, ██████ was not present during the arrest or interrogation.

44.     On ████████████, Plaintiff was arraigned and held without bail.  He

pled not guilty to ████████████████████████████████████████████████

████████████████████████, and ████████████████████████████

██████████████████████████████████

45.     On or around ████████████, the charges related to ████████

████████████████████████████████████████████████

██ —an outcome consistent with Plaintiff's assertions, since his arrest, ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

46.     On ████████████, Plaintiff was ████████████████

██████████████████████████████████████████████

██████████████████████████ He was arraigned on ████████████, pled

not guilty, and was remanded into New York City Department of Correction ("DOC") custody

without bail.

██████ *Reveals Some Evidence of Plaintiff's Innocence—But Not All of It*

47.     On or around ████████████, in a proffer session with his counsel and

Special Narcotics Prosecutors ("SNPs"), Plaintiff again explained that ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████

48.     ████████ was present during the ████████████ proffer session and, at that point, for the first time, turned over to the prosecution the ████████████████

████████████  ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████

49.     Critically, however, ████████ intentionally concealed and failed and refused to acknowledge and disclose the fact or contents of his ████████████ call with Plaintiff, ████████████████████████████████████████████████

████████████

50.     In or around ████████, Plaintiff was charged ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████ He was held in DOC custody on this charge until being released on bail in ████████. Plaintiff remained under a felony charge ████████████████████████████████████████

51.     Plaintiff's arrest, detention, and being subject to a felony charge are a direct result of ████████ intentional and unlawful suppression of exculpatory evidence demonstrative of Plaintiff's innocence.

**████████ 's Disclosure**

52.     On or about ████████████, ████████ disclosed for the first time, to a

prosecutor newly assigned to the case, that, during the same period when Plaintiff's

communications ██████████████████████████, Plaintiff had in fact

discussed with ██████████████████████████████████

████████████████████████████████ This was just as Plaintiff had

asserted since his arrest.

53.     On this basis, on or about ████████████, the SNP moved to dismiss the

indictment against Plaintiff.

### *Plaintiff, Though Free, Has Been Injured Beyond Measure*

54.     Plaintiff's unlawful and prolonged detention was caused by ████████

concealment and unlawful failure to disclose, prior to ██████████████████████

████████████████████████████████████████████

████████████████████████████

55.     As a direct result of ████████ suppressing exculpatory evidence, Plaintiff

was denied the most basic of his constitutional and fundamental human rights: his liberty.

56.     Moreover, Plaintiff has now been permanently and unfairly associated

with ██████████████████████, and he and his family have suffered insurmountable

damage from ██████████████████████ this sordid tale.

57.     ████████ actions constituted outrageous conduct and demonstrated a

callous indifference to and willful disregard of Plaintiff's federal and state protected rights.

58.     As a direct and proximate result of ████████ actions, Plaintiff suffered

damages including but not limited to mental anguish, lost wages, loss of earning capacity,

physical inconvenience, discomfort, loss of time, mental pain and suffering, embarrassment,

humiliation, and injuries to his reputation.

59.    The acts of ███████ were reckless, willful, wanton, and malicious, thus

entitling Plaintiff to an award of punitive damages.

**FIRST CAUSE OF ACTION**
42 U.S.C. § 1983 – Fourth/Fourteenth Amendments
Excessive Pre-Trial Detention
(Against Defendant ██████████ )

60.    Plaintiff repeats and realleges the above paragraphs as if the same were

fully set forth at length herein.

61.    ████████████████ communications with Plaintiff concerning

███████████ were exculpatory evidence that undisputedly showed Plaintiff's innocence, ██

████████████████████████████████████████████████████

██████████ Had this exculpatory evidence not been concealed, and had it been promptly

disclosed to the prosecution, Plaintiff's detention would have terminated sooner and the

indictment promptly dismissed in its entirety—as, in fact, it was dismissed after this exculpatory

evidence was disclosed.

62.    ████████ suppressed and failed to disclose to the prosecution his

████████████ communications with Plaintiff for ████████████████ During that period,

Plaintiff remained in custody for nearly a year, despite Plaintiff's protestations since his arrest

that ████████████████████████████████████████████████████

████████████████████████████

63.    ████████ concealment, suppression, and/or failure to turn over

exculpatory evidence to the prosecution, engaged in under color of state law, violated rights

secured to Plaintiff by the Constitution of the United States of America including, *inter alia*,

Plaintiff's Fourth and Fourteenth Amendment right to be free from continued detention after it

was or should have been known that Plaintiff was entitled to release, as articulated in *Russo v.*

*City of Bridgeport*, 479 F.3d 196 (2d Cir. 2007).

64.     Plaintiff had a right to be free from continued detention stemming from ████████ concealment, failure to disclose, and/or suppression of the exculpatory evidence described above, and ████████ violated that right.

65.     

66.     Based upon the length of Plaintiff's detention in this matter and the suppression of the evidence against Plaintiff, Plaintiff's constitutional right to be free from an extended pre-trial restraint of liberty following arrest has been violated.

67.     ████████ conduct in this regard was so egregious and outrageous as to shock the conscience.

68.     As a direct and proximate result of ████████ misconduct and abuse detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
42 U.S.C. § 1983 – Fourth/Fourteenth Amendments
Malicious Prosecution
(Against All Defendant Officers)

69.     Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

70.     Defendant Officers caused the initiation of criminal proceedings against Plaintiff.

71.     Plaintiff was wrongfully, unlawfully, and unjustifiably charged for ████████████████████████████████████████████████████ at the instigation of ████████ and other unknown Defendants.

72.     Defendant Officers mishandled, concealed, omitted, and/or suppressed

exculpatory evidence, that if taken into account, would have voided probable cause for Plaintiff's arrest.

73.     The conduct of Defendant Officers in mishandling, concealing, omitting, and/or suppressing exculpatory evidence proximately caused Plaintiff's detention and loss of liberty.

74.     Defendant Officers acted under pretense and color of state law.  Said acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers.

75.     Defendant Officers acted with malice, and knew or were deliberately and recklessly indifferent to the truth that they lacked probable cause to arrest and prosecute Plaintiff, and to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

76.     On or about ████████, the prosecution terminated in Plaintiff's favor when the indictment brought against Plaintiff was dismissed.

77.     As a direct and proximate result of the conduct of Defendant Officers in mishandling, concealing, omitting, and/or suppressing exculpatory evidence, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Common Law False Imprisonment
(Against All Defendant Officers)

78.     Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

79.     Defendant Officers wrongfully and illegally detained Plaintiff.

80.     The wrongful, unjustifiable, and unlawful detention of Plaintiff were carried out without any basis, without Plaintiff's consent, and without probable cause.

81.     No reasonable officer would have believed there was probable cause to arrest Plaintiff under these circumstances.

82.     Plaintiff was unlawfully, wrongfully, and unjustifiably deprived of his liberty and falsely charged.  At all times, the unlawful, wrongful, and false detention of Plaintiff was without basis and without probable cause.

83.     All this occurred without any fault or provocation on the part of Plaintiff.

84.     Defendant Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Plaintiff's rights, privileges, welfare, and well-being, and are guilty of egregious and gross misconduct toward Plaintiff.

85.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Common Law Malicious Prosecution
(Against All Defendant Officers)

86.     Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

87.     Defendant Officers caused the initiation of criminal proceedings against Plaintiff.

88.     Plaintiff was wrongfully, unlawfully, and unjustifiably indicted for

███████████████████████████████████████████████████████ at the instigation of Defendant Officers.

89.     Defendant Officers mishandled, concealed, omitted, and/or suppressed exculpatory evidence, that, if taken into account, would have voided probable cause for

17

Plaintiff's arrest.

90.     The conduct of Defendant Officers, in mishandling, concealing, omitting, and/or suppressing exculpatory evidence, proximately caused Plaintiff's detention and loss of liberty.

91.     Defendant Officers acted beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers.

92.     Defendant Officers acted with malice.

93.     On or about ████████████, the prosecution terminated in Plaintiff's favor when the indictment brought against Plaintiff was dismissed.

94.     As a direct and proximate result of the conduct of Defendant Officers in mishandling, concealing, omitting, and/or suppressing exculpatory evidence, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CAUSE OF ACTION
*Respondeat Superior*
(Against City of New York)

95.     Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

96.     This is a cause of action against the City of New York, based upon the conduct of Defendants ████ and Officers John and Jane Roes #1-10 in their capacities as employees acting within the scope of their employment with the City of New York.

97.     At all relevant times, Defendants ████ and Officers John and Jane Roes #1-10 were employees of the City of New York, acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

98.     Consequently, the City of New York is liable for the state-law torts of false imprisonment and malicious prosecution under the doctrine of *respondeat superior*.

18

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

  a. Compensatory damages against all Defendants in an amount to be determined at trial;

  b. Punitive damages against Defendant Officers in an amount to be determined at trial;

  c. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

  d. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
March 29, 2022

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

By: _____

Andrew G. Celli, Jr.
Nairuby L. Beckles

600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Plaintiff*