UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

                    Plaintiff,                              Case No. 22 Civ. 02690 (PKC)

        v.

THE CITY OF NEW YORK, NYPD                          **STIPULATION OF**
SERGEANT RICHARD ROE, and NYPD                      **CONFIDENTIALITY AND**
OFFICERS JOHN AND JANE ROES #1-10,                  **PROTECTIVE ORDER**

                    Defendants.

        **WHEREAS**, the parties intend to produce certain documents and information

pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure that they deem or may deem

to be confidential, private, subject to an applicable privilege, or otherwise inappropriate for

public disclosure;

        **WHEREAS**, the parties object to the production of those documents and

information unless appropriate protection for their confidentiality is assured;

        **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of

the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by

and between the attorneys for Plaintiff and Defendants that documents and information shall be

provided in accordance with the terms of this Stipulation of Confidentiality and Protective Order

as follows:

        1.      This Action shall mean <u>John Doe v. the City of New York, et al.</u>, 22 Civ.

02690 (PKC).

2.      As used herein, without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

(A)   Documents and information revealing Plaintiff John Doe's true name and correct name, image, likeness, and any other personally identifying attributes;

(B)   Documents and information revealing Defendant Richard Roe's true name and correct name, image, likeness, and any other personally identifying attributes;

(C)   Information contained in documents filed under seal with the Court in this action, including but not limited to the unredacted Complaint in this action, insofar as such information is *only* contained in the sealed version of such documents ("Sealed Information");

(D)   Employment/personnel related records for the individual Defendants, including, but not limited to, performance evaluations;

(E)   Disciplinary histories or other records from Civilian Complaint Review Board ("CCRB"), Internal Affairs Bureau ("IAB"), other New York City Police Department ("NYPD") divisions or any other governmental agency for the individual Defendants;

(F)   Full names, contact information, photographic and video depictions, and any other personal identifying information of non-party individuals and/or witnesses;

(G)   NYPD Training materials, including, but limited to, sections of the Patrol Guide, Administrative Guide, Operations Orders, training manual, and directives (to the extent those materials are not publicly available)

(H)   medical evaluation and treatment information and record of all parties and/or non-party witnesses; and

(I)    counseling or mental health records of all parties and/or non-party witnesses.

3.      The documents and information as defined in Paragraph 2(D)-(I) shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) lawfully obtained by Plaintiff from sources other than Defendants, or (b) are otherwise publicly available.

Case 1:22-cv-02690-PKC   Document 10-1   Filed 06/23/22   Page 3 of 9

4.     The parties reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents.

5.     Any documents produced by a non-party pursuant to a subpoena issued in connection with this Action and that are designated as Confidential Materials by either party shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

6.     Any documents produced by a health care provider in response to a HIPAA release form and that are designated as Confidential Materials by a party shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

7.     The parties shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third-parties.

8.     The parties shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by Bates number in a writing directed to counsel for the opposing party.

9.     Confidential Materials may not be used for any purpose other than for the preparation, settlement, or presentation of this Action.

10.     Before any disclosure of Confidential Materials is made to the individual parties (John Doe, Richard Roe, and John or Jane Roes #1-10) or to any employee of the New York City Police Department, such person shall be provided with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall agree in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or settlement of this Action and not to further disclose the Confidential Materials except in testimony taken in this Action. Counsel for the parties shall retain the signed consent and furnish a copy to the respective party's attorney upon request.

Case 1:22-cv-02690-PKC Document 10-1 Filed 06/23/22 Page 4 of 9

11.     Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the disclosing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

12.     If any party objects to the designation of particular documents or information as "Confidential Materials," that party shall state such objection in writing to the opposing party, and the parties shall endeavor in good faith to resolve such an objection. If such an objection cannot be resolved, then, within thirty (30) days of receiving the response to the objection to the material's classification as confidential, the objecting party shall seek judicial intervention. Any such materials or information shall remain confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

13.     Neither Plaintiff nor Defendants, shall disclose the Confidential Materials to any person other than an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a.  Disclosure may be made only if necessary to the preparation or presentation of a party's case in this Action to those individuals described in the subparagraph (b) below.

b.  Disclosure before trial may be made to an expert who has been retained or specially employed by a party's attorney in anticipation of litigation or preparation for this Action, to a witness and court reporter at deposition, or to the Court.

c.  Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), the party making the disclosure shall provide each such person with a copy of this Stipulation of Confidentiality and Protective

4

Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or settlement of this Action and not to further disclose the Confidential Materials except in testimony taken in this Action. Counsel for the disclosing party shall retain the signed consent and furnish a copy to the respective party's attorney upon request, although the name of an expert that either party does not intend to call as a trial witness may be redacted from such consent before it is produced.

14.     Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential.  The parties may designate deposition exhibits and portions of deposition testimony as Confidential either by: (a) indicating on the record during the deposition that questions relate to Confidential Materials, and requesting the court reporter/stenographer to bind the transcript of the designated testimony in a separate volume with a cover page prominently marked "Confidential Information Governed by Stipulation of Confidentiality and Protective Order;" or (b) notifying the court reporter/stenographer and all attorneys of record, in writing, within 45 days after a deposition transcript has been received of the specific pages and lines of the transcript that are to be designated "Confidential," in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the attorneys for the respective parties.

15.     All documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, discovery responses, evidence, and the like that are filed with the Court for any purpose that contain Confidential Materials shall be provisionally filed under seal with the filing party's motion for leave to file under seal. A party seeking to file Confidential Materials under seal must comply with the Court's rules and electronic docketing procedures for filing such motions, including those incorporated herein at ¶ 16.  *See* Individual Practices of Judge P. Kevin Castel (Feb. 3, 2020), ¶ 4. Nothing in this agreement shall constrain the Court's

5

ability to restrict or permit public access to documents filed on the docket or alter the standards under which public access to documents is to be determined. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

16. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

17.     Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to the applicable party's attorneys or, upon the consent of the applicable party's counsel, destroyed; except that counsel for the parties shall retain one copy of the Confidential Materials, and any Confidential Materials containing attorney-work product, to the extent

required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect a party's own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose.  Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

18.     Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit any party's use of its own Confidential Materials in any manner.

19.     This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once this Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by any party, or anyone receiving confidential documents pursuant to paragraph 11 herein, for any purpose without prior Court approval.

20.     This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

21.     The terms of this Stipulation of Confidentiality and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

22.     This Stipulation of Confidentiality and Protective Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each

counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Confidentiality and Protective Order, which shall be binding upon and effective as to all Parties.

23.     The Court will retain jurisdiction over all persons subject to this Stipulation of Confidentiality and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York
        June 23, 2022

EMERY CELLI                          HON. SYLVIA O. HINDS-RADIX
BRINCKERHOFF ABADY                   Corporation Counsel of the
WARD & MAAZEL LLP                     City of New York
*Attorneys for Plaintiff*            *Attorney for Defendants City, Richard Roe,*
600 Fifth Avenue, 10th Floor         *and John and Jane Roes #1-10*
New York, NY 10020                   100 Church Street
                                     New York, New York 10007

By:_____/s/_____               By:_____/s/_____
    Nairuby L. Beckles                   Alan Scheiner


SO ORDERED:

HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

Dated: _June 27_, 2022

8

## **EXHIBIT A**

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated _____, 2022, entered into the Matter entitled <u>John Doe v. the City of New York, et al.</u>, 22 Civ. 02690 (PKC), understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not disclose the Confidential Materials except in testimony taken in this case.

Date: _____          Signature: _____

                                             Print Name: _____

                                             Occupation:_____