# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

VASUDHA TALLA

ERIC ABRAMS
NAIRUBY L. BECKLES
MARISSA BENAVIDES
DAVID BERMAN
NICK BOURLAND
DANIEL M. EISENBERG
SARA LUZ ESTELA
ANDREW K. JONDAHL
NOEL R. LEÓN
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER

February 7, 2023

**By Email**

Honorable P. Kevin Castel
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 11D
New York, NY 10007

   Re: *John Doe v. City of New York, et al.*, No. 22 Civ. 2690 (PKC)

Your Honor:

  On behalf of Plaintiff, we write to request a pre-motion discovery conference pursuant to Rule 3.B of the Court's Individual Rules of Practice in Civil Cases, seeking the Court's assistance in resolving a discovery dispute the parties have been unable to resolve on their own regarding the scope of discovery. The next conference before the Court is the Case Management Conference scheduled for March 31, 2023 at 10:30 a.m.

  By way of background, Plaintiff is a former confidential informant (CI) who alleges that he was unconstitutionally detained pre-trial on charges that were later dismissed. The crux of the claim is that Plaintiff's NYPD "handler," Defendant Richard Roe, and other unnamed members of the NYPD, Law Enforcement Group (LEG)[1], and other City employees, suppressed information concerning Plaintiff's activities as a confidential informant, causing him to be wrongfully charged and detained for approximately a year and a half for activities he was undertaking as a CI.

---

[1] Law Enforcement Group (LEG) is a pseudonym used to describe the LEG named in the Complaint but redacted from the public docket in the Amended Redacted Complaint (Dkt. 29) and all public filings pursuant to the Court's direction on sealing information in this proceeding, and pursuant to the Stipulation of Confidentiality and Protective Order (Dkt. 11) in this case.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

On October 19, 2022, Plaintiff served Defendants with Plaintiff's interrogatories and initial requests for the production of documents (the "Requests").  On November 28, 2022, Defendants served their responses and objections (the "Nov. 28, 2022 Discovery Responses"), but produced no documents.  Instead, Defendants stated that they would produce all documents identified in Defendants' Nov. 28, 2022 Discovery Responses by December 23, 2022.  Defendants produced some documents on November 29, 2022 and December 1, 2022.  By e-mail, on December 18, 2022, Plaintiff requested confirmation from Defendants of their intent to produce all additional documents by December 23, 2022.  On December 20, 2022, Defendants responded that they would produce additional documents by January 21, 2023—*over three months* from the date Plaintiff propounded his initial discovery requests.  Plaintiff's consent to such unilateral extensions was neither sought nor obtained.

On January 17, 2023, after careful review of Defendants' discovery responses, objections, and production to-date, Plaintiff served a deficiency letter on Defendants requesting that Defendants immediately supplement their Nov. 28, 2022 Discovery Responses and cure the deficiencies outlined in the letter.  *See* Jan. 17, 2023 Deficiency Letter (to be filed as **Exhibit A**).[2] Plaintiff requested Defendants' availability to promptly meet and confer, Defendants' response to the Jan. 17, 2023 Deficiency Letter no later than January 31, 2023, and that Defendants correct the noted deficiencies and produce all responsive documents by February 7, 2023.

On January 31 and February 1, 2023, the parties held a telephonic meet and confer. The parties were unable to reach agreement on the outstanding disputes detailed below.  Fact discovery is currently scheduled to close on March 16, 2023.  *See* Case Management Plan and Scheduling Order (Dkt. 26) ¶5.

*Dispute Regarding the Scope of Discovery Plaintiff is Entitled To*

*First*, Plaintiff seeks discovery pertaining to those individuals who, at least during the period that Defendant Richard Roe acted as Plaintiff's "handler," had knowledge of Plaintiff's status and activities as a CI, and with whom Roe communicated about Plaintiff's status and activities as a CI as well as the contents of those communications.  The core of the case is Plaintiff's contention that the activities that led to his arrest and prosecution were, in fact, part of his work as a CI, that Roe knew and directed such activities in his role as "handler," and that Roe failed to disclose these facts when Plaintiff was arrested.  Roe's statements to others about Plaintiff and his work as a CI, and their understanding from other sources that Plaintiff was acting in his role as a CI and on which matters or investigations, all go to the central issue in the case: whether Plaintiff's conduct was or was not part of his work as CI under Roe's supervision.

Defendants objected to most, if not all, of Plaintiff's interrogatories and document requests on this subject.[3]  They contend that they have no obligation to disclose *any* information

---

[2] Pursuant to Your Honor's Individual Rules and the Stipulation of Confidentiality and Protective Order (Dkt. 11) in this case, we will provisionally file **Exhibit A** under seal and promptly move for permanent sealing.

[3] Further to Your Honor's Individual Rules and the Stipulation of Confidentiality and Protective Order (Dkt. 11) in this case, we will provisionally file under seal as **Exhibit B** those of Plaintiff's Interrogatories and Documents Requests that are in dispute [Interrogatory Nos. 1-10, 12-19, 21-22; Document Request Nos. 2-8, 11-13, 15-16, 25, 29], together with Defendants' Response and Objections to same, and promptly move for permanent sealing.

about Plaintiff's work as a CI or even communications among the people involved in his arrest on that subject. Specifically, and without a Court order or Plaintiff's consent, Defendants unilaterally narrowed Plaintiff's discovery requests by defining the term "Incident" to *exclude* conduct and statements of Roe in his role as Plaintiff's "handler" during the relevant period, communications between Roe and other law enforcement personnel about Plaintiff's status and work as a CI, or others' knowledge of Plaintiff's status during this period. Defendants have asserted:

> For the purposes of these responses, the term "Incident" shall refer to the arrest and prosecution of plaintiff alleged in the plaintiff's Complaint, and any communications between [Richard Roe] and plaintiff relating to the persons identified as [Person A], [Person B], and [Person C] in the Complaint during the period of December 1, 2018 through December 13, 2019.[4]

It is Plaintiff's position that Defendants may not redefine the scope of Plaintiff's claims or narrow its discovery responses by arbitrarily defining the term "Incident" in a manner that excludes all evidence helpful to Plaintiff's theory of the case. As the Requests make clear, Plaintiff's Requests, and his claims, are not limited to the term "Incident" as defined by Defendants. As alleged in the Complaint, there is no singular "Incident" that forms the bases of Plaintiff's claims. Instead, his claims describe a sequence of events, activities, interactions, communications, circumstances, and/or understandings related to Plaintiff's status as a paid and registered CI for the NYPD. Plaintiff is entitled to all information relevant to his claims, including the identities of all individuals who have knowledge concerning Plaintiff's status and activities as a CI while Defendant Roe was his "handler," and all non-privileged documents, including any evidence of communications between Defendant Roe and any other individuals about the fact that Plaintiff was a CI, the work he was doing as such, and whether the activities for which he was ultimately arrested were or were not part of that work.

While Defendants have produced some documents relevant to Plaintiff's claims, it has become obvious that Defendants have not produced or searched for other relevant information and documents that reflect directly and indirectly on these issues. For example, Defendants have failed to produce any of Defendant Roe's or any other officer's files, notes, progress reports, memo books, or logbooks concerning Plaintiff and his work as a CI—necessarily the kinds of paperwork that would or could reflect Roe's knowledge of the investigation that led to Plaintiff's arrest, the level and type of communications between Plaintiff and Roe about CI work during the relevant period, the degree to which Roe became aware that Plaintiff had been identified as the subject of an investigation by the LEG and when, and other information supportive of Plaintiff's theories—including that the cover-up by Roe was occasioned by his *lack* of documentation of the work that he had assigned Plaintiff as a CI. Likewise, in response to Plaintiff's discovery requests, Defendants have also failed to conduct any meaningful searches of relevant databases and information systems known to contain information about Plaintiff's status and activities as a CI for the period that Defendant Roe was his "handler."

---

[4] Person A through C refers to individuals named in Defendants' Nov. 28, 2022 Discovery Response whose identities are confidential pursuant to the Stipulation of Confidentiality and Protective Order (Dkt. 11) in this case.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 4

   Despite Plaintiff's good faith attempts to reach agreement on a more narrowed scope of discoverable information and documents,[5] Defendants have failed to produce all responsive information and documents that are outside the scope of their definition of the "Incident." During the parties' meet and confer, Defendants: (i) doubled down on their assertion that Defendants' definition of the "Incident" is applicable to discovery in this case; (ii) declined to amend their interrogatory responses to include information not relevant to the "Incident" as Defendants' define it; and (iii) declined to further produce additional documents that are not relevant to Defendants' definition of the "Incident"—thereby limiting the discovery Plaintiff is entitled to absent a Court order, all in contravention of Fed. R. Civ. P. 26(b)(1) and long-standing case law in the district courts of the Second Circuit. *See Walls v. City of New York*, 502 F. Supp. 3d 686, 692 (E.D.N.Y. 2020) ("Courts have long interpreted Rule 26(b)(1)'s scope broadly with respect to relevance and discovery sought in connection with federal § 1983 civil rights claims.") (citing cases).

   During the parties' meet and confer, Defendants also informed Plaintiff that they have relied primarily on two sources of information to respond to discovery requests: (1) Defendant Richard Roe (whose failure to disclose relevant information forms the crux of Plaintiff's claims); and (2) pre-trial disclosures made to Plaintiff's Legal Aid counsel during the underlying criminal proceeding, which were provided to Defendants' counsel by the district attorney's office. Limiting the sources of review in this way, when combined with Defendant's self-imposed and overly-circumscribed definition of the "Incident," is all but designed to exclude from discovery the most critical documents in the case from Plaintiff's perspective. Surely more is required under Rule 26. *King v. Conde*, 121 F.R.D. 180, 195 (E.D.N.Y. 1988) ("Lawsuits brought under 42 U.S.C. § 1983 require special attention to full disclosure. . . . [and] it is of special import that [they] be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden.") (citation omitted).

*Percipient Witnesses*

   *Second*, and related to the scope of Plaintiff's claims, Defendants have repeatedly asserted that they object to Plaintiff's discovery requests on grounds that the request calls for "the identification of persons who are not percipient witnesses to the Incident."[6] During the meet and confer, the parties agreed this dispute is derivative of Defendants' narrow view of what is relevant to their narrow definition of the "Incident." Plaintiff's view continues to be that the "Incident" must, by necessity, include Plaintiff's work as a CI under the supervision of Roe. Defendants disagree.

*SAFETnet Records*

   *Third*, Plaintiff is aware that members of the LEG access the SAFETnet system to identify, track, record, look-up, and access information concerning persons involved in LEG

---

[5] For example, as a compromise, Plaintiff sought to tailor the scope of information and documents responsive to Interrogatory Nos. 1-5, 10, 12-15, 19, and 21-22 to only those documents concerning Plaintiff's status as a paid and registered CI while Defendant Roe was Plaintiff's "handler." *See* Jan. 17, 2023 Deficiency Letter at 3-4, and Exhibit B.
[6] Exhibit B, Interrogatory Nos. 1-10 and 22.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 5

investigations. Documents produced show that the SAFETnet system was used to check the status of at least one of the men indicted alongside Plaintiff in the underlying criminal case. But Defendants have refused to produce any information or documents reflecting whether the SAFETnet system was queried about *Plaintiff,* and his status and activities as a CI while Defendant Roe was his "handler," and whether such query(ies) led to communications about Plaintiff between and among members of the LEG and Roe. Such queries and communications, if they exist, would bolster Plaintiff's theory that Roe covered up Plaintiff's status as a CI—yet we are denied access to them. During the meet and confer, Defendants asserted their objection to this request based on their narrow view of what is relevant to their definition of the "Incident."

*Undue Delay and Failure to Produce Outstanding Responses and Document Requests*

*Fourth*, the parties did not reach agreement on the deadline for Defendants to produce outstanding discovery responses. For the past three months, Defendants have stalled and prolonged fact discovery by failing to produce responsive documents and information relevant to Plaintiff's claims, unilaterally extending discovery response deadlines, and re-defining Plaintiff's requests in such a manner that would render their Rule 26 obligations largely meaningless on the core issues in dispute. As the March 16 fact discovery cut-off looms, Plaintiff is still awaiting production and discovery responses promised by Defendants late last year. *See* Jan. 17, 2023 Deficiency Letter at 4-6. Moreover, despite Plaintiff's request to receive Defendants' outstanding discovery responses by February 7, 2023, during the meet and confer, Defendants stated they would not make any additional production until February 14. This sort of slow-walk approach to discovery has caused Plaintiff to delay the onset of depositions. We ask that the Court direct immediate, or at least more prompt, production of the requested materials and information.

\*            \*            \*            \*

Accordingly, Plaintiff requests a pre-motion discovery conference before the Court to resolve the parties' disputes regarding the scope of discovery and Defendants' obligation to produce documents and information responsive to Plaintiff's discovery requests. The Court's attention to these matters is appreciated.

                                                  Respectfully Submitted,

                                                  */s/*
                                                  Andrew G. Celli, Jr.
                                                  Katherine Rosenfeld
                                                  Nairuby L. Beckles

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 6

## CERTIFICATION

   Pursuant to the Court's Individual Rule 3.B, I hereby certify that Plaintiff has in good faith conferred with Defendants in an effort to obtain discovery without court action.

                  By:  */s/ Nairuby L. Beckles*
                      Nairuby L. Beckles