

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET, Rm. 3-177
NEW YORK, NY 10007

ALAN H. SCHEINER
Special Federal Litigation Division
phone: (212) 356-3455
fax: (212) 356-0399
email: ascheine@law.nyc.gov

February 9, 2023

**Via ECF**

Hon. P. Kevin Castel
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

Application GRANTED.
SO ORDERED.
2/10/2023

_____
P. Kevin Castel
United States District Judge

Re: *John Doe v. City of New York, et al.*, 22-CV-2690 (PKC)

Your Honor:

    I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York (the "City"), assigned to the defense of the above-captioned matter. I write to respectfully request that the Court extend the time for the City to respond to plaintiffs' pre-motion letter regarding discovery submitted February 7, 2023 (ECF No. 34), from February 13, 2023 to February 20, 2023. Plaintiff does not consent to this application and plaintiffs' reasons for refusing consent are set forth below. This is the first request for the extension of this deadlines. The next conference in this case is scheduled for March 31, 2023.

    Plaintiff's February 7, 2023 submission is a five page, single-spaced pre-motion letter, plus an additional seven page, single-spaced letter filed under seal as Exhibit A, for a total of 12 single-spaced pages of argument. Due to the press of several other deadlines this week and next, it is not possible for defendants to respond to the submission within the default time-frame of four business days set forth in the Court's individual practices. Among other duties, the undersigned counsel had a briefing deadline on February 8, 2023 for opposing a motion in *Nunez v. City of New York*, 11 Civ. 5845 (LTS)(JCF); and has a previously scheduled pre-trial briefing deadline of February 13, 2023 in *Walker v. City of New York*, 14-CV-0680 (NRM) (VVP), which is scheduled for trial May 8, 2023. In addition, this week and next, the undersigned has previously pending obligations in the putative class action before this Court in *Miller v. City of New York*, 21-cv-2616 (PKC) (KNF). Given these prior obligations, defendants' counsel cannot prepare a response to plaintiff's submission within the four-business day deadline in the Court's Individual Practices. Accordingly, the requested extension of time is reasonable.

Plaintiff's counsel contends that an extension of time will prejudice plaintiff by interfering with the completion of discovery by March 16, 2023. In this, plaintiffs are relying on a self-inflicted, and in fact illusory, emergency. Defendants made their formal responses and objections to discovery on November 28, 2022, and first produced documents on November 29, 2022; with additional productions thereafter. Plaintiff filed his letter to the Court on February 7, 2023, ten weeks after the responses, and five weeks before the close of discovery. Only on February 6, 2023, did plaintiff for the first time notice depositions. On that date, plaintiff noticed twelve (12) depositions, all to be taken within a two week period, in some cases two per day, from March 3, 2023 to March 16, 2023. The next day plaintiff's counsel emailed subpoenas for some of these witnesses, which also included document demands.

On February 8, 2023, plaintiff also issued a supplemental Rule 26(a)(1) disclosure naming eight (8) new witnesses on which they intend to rely, only some of which were included in the noticed depositions. Thus, plaintiff timed their flurry of disclosures, notices and subpoenas in an apparent attempt to overburden defendants, and take all of plaintiff's remaining discovery within the remaining few weeks, regardless of defendants' counsel's other obligations, and allowing no time for defendants to conduct their own discovery.

As a result of the deposition notices and subpoenas, defendants learned that the U.S. Drug Enforcement Agency ("DEA") is asserting jurisdiction over the testimony of the NYPD officers involved in the Joint Narcotics Task Force investigation and arrest of plaintiff. Those officers (which do not include the individual defendant, who was not part of the Task Force) were deputized to the DEA and the investigation was conducted under the auspices of the DEA. Accordingly, to secure the depositions or documents of at least two (2) of the NYPD members that plaintiff would depose, plaintiff must first make a request for their appearance to the U.S. Attorney's Office pursuant to 20 C.F.R. Part 403 and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951).

In addition, five (5) of the individuals noticed for deposition are not City employees at all; they are (or were) employed by the Office of the Special Narcotics Prosecutor or the Drug Enforcement Agency. Four (4) of the noticed depositions are NYPD officers who were not involved in the investigation or arrest of plaintiff; their testimony is irrelevant and their depositions would be overly burdensome. Plaintiff's purported need to take discovery regarding those unrelated matters is before the Court in plaintiff's pre-motion letter, and defendants will address it in their response.

In addition to the burdens presented by the timing of plaintiff's new deposition campaign, defendant's counsel is largely unavailable during the period plaintiff chose for his discovery offensive. There are burdensome pre-trial briefing filing deadlines in the *Walker* matter on March 7 and March 10, 2023. And of course defendant's counsel is assigned to several other matters which will require attention. Defendants' counsel also has family obligations due to spring breaks from school starting the week of March 13, 2023. .

Given plaintiff's choice of timing and scope, and the involvement of two non-party government agencies, plaintiff could have no reasonable expectation of completing fact discovery by March 16, 2023. That is so regardless of whether or when they prevail, in whole or part, on their proposed motion to compel. But if plaintiff does prevail, completing discovery by

the current deadline will be even more impossible, given the scale of irrelevant information that plaintiff seeks.

Accordingly, it is clear that a discovery extension of some kind will be required and is reasonable, as plaintiff concedes (see below). Therefore plaintiff could not be prejudiced by the requested extension because it could not affect the timeline for completion of discovery.

In accord with the Court's Individual Practices, plaintiff's counsel's stated reasons for refusing to consent to the adjournment are set forth *in haec verba* below:

We thank the Court for its consideration in this matter.

Respectfully submitted,

*Alan H. Scheiner* /s/

Alan H. Scheiner
Senior Counsel

cc (via ECF): All Counsel

Plaintiff's Counsel's Statement of Reasons for Opposing the Extension:

"As to the proposed one-week extension to respond to Plantiff's pre-motion letter, Plaintiff opposes that extension on the basis that: (i) the discovery deadline is currently March 16, and further delay will make compliance with that deadline more difficult; (ii) the issues to be set forth in Defendants' letter have been fully vetted between the counsel and are straightforward, hence a letter response can be swiftly drafted and filed; and (iii) defendants' unilateral delays in providing discovery responses to date have already created the situation we find ourselves in under the current schedule and should not be rewarded with additional delay."

"Plaintiff is not opposed in principle to an extension of the March 16 deadline for fact discovery but believes that the parties should be asked to submit to the Court a proposed amended discovery schedule going forward beyond March 16 that includes firm dates for depositions – and that this should all occur *after* this Court's ruling on open discovery disputes."