

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET, Rm. 3-177
NEW YORK, NY 10007

**ALAN H. SCHEINER**
Special Federal Litigation Division
phone: (212) 356-3455
fax: (212) 356-0399
email: ascheine@law.nyc.gov

April 17, 2023

**Via ECF**
Hon. Katherine H. Parker
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

        Re:  *John Doe v. City of New York, et al.*, 22-CV-2690 (PKC) (KHP)

Your Honor:

      I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York (the "City"), assigned to the defense of the above-captioned matter. Defendants write pursuant to the Court's orders to respectfully request entry of the enclosed proposed Order to Disclose Certain Discovery Materials (the "Proposed Order"), requiring disclosure of certain materials which the Officer of the Special Narcotics Prosecutor ("OSNP") has previously asserted are sealed or protected from disclosure under New York law or prior court orders. Defendants have conferred with counsel for the OSNP and the U.S. Drug Enforcement Agency ("DEA") regarding this matter. The OSNP has given their consent to entry of the enclosed Proposed Order. Counsel for the DEA has indicated that they are still in the process of reviewing the Proposed Order. This morning defendants provided plaintiff's counsel for plaintiff with a copy of the Proposed Order, but they indicated that they have not completed their consideration of the Proposed Order and stated that they would respond at the time previously set by the Court for responses to this application (May 1, 2023).

      **Procedural Background.** Plaintiff brough this action asserting claims under 42 U.S.C. § 1983, alleging, *inter alia*, that defendant John Roe should be held liable for malicious prosecution and unlawful pre-trial detention because he allegedly withheld "exculpatory evidence" that plaintiff claimed "undisputedly showed Plaintiff's innocence." *See* Unredacted Amended Complaint ¶ 61 (ECF No. 29). Defendants deny these allegations. The arrest and prosecution of plaintiff arose from an investigation conducted by a joint task force between the New York City Police Department ("NYPD") and the U.S. Drug Enforcement Administration ("DEA"), in which NYPD officers who are deputized to the DEA conduct investigations with DEA agents employed directly by the federal government, under the jurisdiction and control of the DEA. The case

against plaintiff was prosecuted by the OSNP, which, among other things, handles narcotics prosecutions arising from investigations supervised by the DEA.[1]

To aid in their defense and for the purposes of discovery, defendants requested copies of the materials produced to plaintiff in discovery in his criminal proceeding giving rise to this action (the "Criminal Case") from the OSNP. The OSNP complied with that request, and defendants produced some of these materials to plaintiff, to the extent that they are relevant or properly discoverable, and previously offered to plaintiff the opportunity to review electronic copies of the the remainder (which plaintiff has never sought to accomplish). In addition, upon information and belief, plaintiff's counsel received materials from the plaintiff's criminal defense counsel, including documents which had been disclosed by prosecutors to plaintiff in the Criminal Case.

On March 10, 2023, the OSNP advised the parties to this action (the "Parties") by letter and attachments (appended hereto as Exhibit A) that some of the materials that had been disclosed to the Parties are sealed or otherwise protected from disclosure under certain New York statues and state court orders, specifically including: (i) grand jury minutes and exhibits; (ii) applications for eavesdropping warrants and the related intercepted calls and data; and (iii) search warrants and applications; and (iv) pen register/trap and trace warrants and applications, enumerated more specifically in Exhibit A (collectively, the "Protected Materials"). In Exhibit A the OSNP demanded that the Parties return, delete or destroy all of the Protected Materials in their possession. Attorneys representing the OSNP and the DEA have also indicated that witnesses in this case under their control will not testify regarding matters relating to the Protected Materials absent court order. After conferring with counsel for the Parties, the OSNP agreed to hold its March 10, 2023 demand in abeyance pending the result of a timely application to a court to adjudicate OSNP's demand, so long as the Protected Materials were not disseminated further or further reviewed by counsel, and defendants' counsel agreed to those conditions.

**Argument.** The Court should enter the Proposed Order requiring disclosure of certain Protected Materials because defendants have a compelling and particularized need for those materials to the extent that they relate to plaintiff and/or the murder conspiracy charges against plaintiff in the Criminal Case. Such materials are directly relevant to critical issues in this action including, *inter alia*, whether there was probable cause for the prosecution of plaintiff, whether any exculpatory information was withheld by defendants; whether any purported non-disclosure was done with deliberate indifference or "shocks the conscience;" and whether the conduct of the individual defendants is protected by qualified immunity. Because plaintiff has put the propriety of his prosecution directly at issue in this case, the disclosure is necessary to the full and fair adjudication of plaintiff's federal claims and defendants' defenses thereto.

The OSNP contends that the Protected Materials are sealed grand jury materials under N.Y. Crim. P. Law § 190.25(4)(a), and electronic eavesdropping (a.k.a, wiretap materials) subject to

---

[1] The Special Narcotics Prosecutor is appointed by the five elected county District Attorneys in the City of New York, and has its own executive staff separate from that of specific District Attorney offices. *See* https://www.snpnyc.org/organization/.

orders prohibiting disclosure under N.Y. Crim. P. Law §§ 700.65(4), 705.30(1). Notwithstanding any of these barriers to disclosure under state law, this Court has jurisdiction to order disclosure, where, as here, defendants have a compelling and particularized need for the materials. *See, e.g., Blasini v. City of N.Y.*, 2011 U.S. Dist. LEXIS 154306, at *7 (S.D.N.Y. Mar. 22, 2011) (unsealing state grand jury minutes, without prior application to state court); *Myers v. Phillips*, No. 04 CV 4365 (ERK)(RML), 2007 U.S. Dist. LEXIS 57496, at *3-4 (E.D.N.Y. Aug. 7, 2007) (order disclosure of grand jury minutes by state district attorney's office in *habeas* proceeding, without prior application to state court); *Bertuglia v. City of N.Y.*, 2014 U.S. Dist. LEXIS 19982, at *4-7 (S.D.N.Y. Feb. 15, 2014) (unsealing state wiretap materials sealed under state law, without prior application to state court); Stipulation and Order Unsealing Grand Jury Records, *Hamilton v. City of New York*, 16-cv-0456(MKB)(RER), ECF Document No. 39; *see also Lehman v. Kornblau*, 206 F.R.D. 345, 348 (E.D.N.Y. 2001) (unsealing state criminal court records sealed under N.Y. Crim. P. Law § 160.50).

While in some cases federal courts ask that parties to first seek permission for disclosure from the relevant state court, that procedure is only a matter of comity; it is well settled that the federal courts have jurisdiction to override state law protections when necessary for federal discovery purposes. See, e.g., *Vazquez v. City of N.Y.*, 2013 U.S. Dist. LEXIS 79919, at *2-4 (S.D.N.Y. June 6, 2013) ("Although the state court denied Plaintiff's request for the grand jury minutes, there is no dispute that this Court has independent authority to unseal the minutes as a matter of federal law."); *Baynes v. Ruderfer*, 234 F. Supp. 3d 574, 577 (S.D.N.Y. 2017) ("state courts [do not have] a veto over disclosure in [a] federal civil rights case"); *Lora v. Board of Ed. of City of New York*, 74 F.R.D. 565, 576 (E.D.N.Y. 1977) (federal courts are not bound by state law protecting the secrecy of state grand jury proceedings, but "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to substantive and procedural policy."). Here, it is appropriate for the Court to omit that requirement because such an application would necessarily delay the completion of discovery in this matter, and plaintiff has indicated he would oppose any extension of discovery to complete such a process.

A party may obtain discovery of grand jury materials when they show "compelling and particularized need." *Blasini v. City of N.Y.*, 2011 U.S. Dist. LEXIS 154306, at *2. "A party makes a showing of particularized need by proving that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Vazquez v. City of N.Y.*, 2013 U.S. Dist. LEXIS 79919, at *2-4 (S.D.N.Y. June 6, 2013) (citations and quotations omitted). "If such need exists, it must be balanced against the . . . . reasons for grand jury secrecy [which] include (1) prevention of flight by a defendant who is about to be indicted; (2) protection of the grand jurors from interference from those under investigation; (3) prevention of subornation of perjury and tampering with prospective witnesses at the trial to be held as a result of any indictment the grand jury returns; (4) protection of an innocent accused from unfounded accusations if in fact no indictment is returned; and (5) assurance to prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely. *Blasini v. City of N.Y.*, 2011 U.S. Dist. LEXIS 154306, at *2.

No specific federal standard exists for disclosure of eavesdropping materials protected under state law, but federal courts have ordered the disclosure of such materials where denying it

3

would "frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983." *Bertuglia v. City of N.Y.*, 2014 U.S. Dist. LEXIS 19982, at *5 (citation and quotation omitted). As in *Bertuglia*, here there has been no "threshold showing of any necessity for the continued application of the [state court's] sealing order" governing the eavesdropping materials, and in any event, any non-party confidentiality concerns can be met with the protections and limitations set forth in the Proposed Order. *Id.*

Defendants have a compelling and particularized need for any Protected Materials that relate to plaintiff or to the murder conspiracy charges against him, and the Proposed Order is limited to the disclosure of such materials. *See Blasini v. City of N.Y.*, 2011 U.S. Dist. LEXIS 154306, at *4 **(**"Blasini's request is particularized because he seeks the minutes relating to *his* indictment; he is not fishing for information from other grand jury matters. And his need is compelling because he alleges that what was said in the minutes constituted malicious perjury that led to his unlawful arrest and prosecution.") The materials are directly relevant to the central issues under both of plaintiff's federal claims. First, the materials are directly relevant to probable cause, which is an absolute defense to plaintiff's malicious prosecution claim. Even if the individual defendant failed to provide allegedly exculpatory information to other investigators or prosecutors, that would be irrelevant to the malicious prosecution claim, if there was probable cause "even taking the allegedly exculpatory information into account." *Turner v. Mele*, No. 15-CV-00074 (NG)(SJB), 2017 U.S. Dist. LEXIS 166323, at *23 (E.D.N.Y. Oct. 5, 2017).

Second, the materials are directly relevant to several issues under plaintiff's claim for unlawful detention. "To prevail on a claim of excessive detention (or '*Russo* claim'), a plaintiff must demonstrate '(1) that he has a right to be free from continued detention stemming from law enforcement officials' mishandling or suppression of exculpatory evidence, (2) that the actions of the officers violated that right, and (3) that the officers' conduct shocks the conscience. . . . The relevant factors to consider in determining whether a plaintiff's Fourth Amendment right to be free from excessive detention was violated are: (1) the length of time the plaintiff was incarcerated; (2) the ease with which the exculpatory evidence in the defendant officers' possession could have been checked; and (3) the alleged intentionality of the defendants' behavior." *Cambisaca v. Ruhe*, 2019 U.S. Dist. LEXIS 111568, at *30-31 (S.D.N.Y. July 3, 2019) (quotations and citations omitted). "The state of mind of a government defendant is an integral aspect of any 'shock the conscience' standard . . .'deliberate indifference'—but not negligence—can support a finding of liability in situations where the government owes a special duty of care to those in its charge." *Id.*, *Cambisaca v. Ruhe*, 2019 U.S. Dist. LEXIS 111568, at *31 (S.D.N.Y. July 3, 2019) (quotations and citation omitted).

Whether or not information is exculpatory – and the degree to which it would tend to show plaintiff's innocence – depends in part on the other evidence against plaintiff supporting his prosecution. The Protected Materials included wiretap and other evidence that gave probable cause to believe that plaintiff was engaged in a murder conspiracy, but defendants have no access to that evidence against plaintiff in light of the OSNP's assertion of state law protections. That evidence is relevant to several questions under plaintiff's excessive detention claim, including *inter alia*, whether the purportedly withheld information was objectively exculpatory, and whether the information was so obviously exculpatory that it "support[s] a level of intentionality or deliberate

4

indifference necessary to establish behavior that shocks the conscience." *Cambisaca v. Ruhe*, 2019 U.S. Dist. LEXIS 111568, at *34 (dismissing claim for unlawful detention in part because of limited relevance of alleged exculpatory information); *see also Sanders v. City of New York*, No. 12 CV 113(PKC)(LB), 2015 U.S. Dist. LEXIS 42698, 2015 WL 1469514, at *19 (E.D.N.Y. Jan. 7, 2015), *report and recommendation adopted*, 2015 U.S. Dist. LEXIS 40972, 2015 WL 1469506 (E.D.N.Y. Mar. 30, 2015) (dismissing *Russo* claim where defendants failed to forward an exculpatory security video, but plaintiff did not establish that the failure to produce the video shocked the conscience).

The Protected Materials are also relevant to the proximate cause of plaintiff's continuing prosecution, since the strength of the evidence against plaintiff – which largely consisted of plaintiff's own actions in his dealings with the alleged co-conspirator – was the inciting cause of plaintiff's prosecution.[2] That evidence is also directly relevant to the credibility of plaintiff's assertions that his inculpatory conduct occurred as a result of his alleged dealings with the individual defendant.  Finally, the evidence is relevant to the defense of qualified immunity, because qualified immunity will apply unless it was "any reasonable officer" would have concluded under the circumstances that the allegedly withheld information was required to be disclosed. *Turner v. Mele*, No. 15-CV-00074 (NG)(SJB), 2017 U.S. Dist. LEXIS 166323, at *17 (E.D.N.Y. Oct. 5, 2017) (the qualified immunity "inquiry is . . . whether any reasonable officer, out of the wide range of reasonable people who enforce the laws in this country, could have determined that the challenged action was lawful").

Therefore, any Protected Materials that relate to the plaintiff or to the murder conspiracy charges against plaintiff should be disclosed.  The DEA has raised concerns that there may be portions of the Protected Materials that do not relate to those matters.  Accordingly, the Proposed Order allows the OSNP and the DEA to determine whether any Protected Materials are not within the relevant categories and, if so, to take steps to exclude them from disclosure.  The Proposed Order also allows the OSNP or DEA to redact the names of non-parties for whom they have any special confidentiality concerns.  In addition, the entire production would remain governed by the Confidentiality protections already in place in this matter.

Accordingly, disclosure of the relevant Protected Materials is in the interests of justice, in order to allow for the full and fair adjudication of plaintiff's federal claims and the defenses thereto, and to preserve due process for the defendants.

---

[2] The OSNP is not part of the City government, and its decision to drop the case is an exercise of its prosecutorial judgment, which is not binding on the City. *See Jones v. City of N.Y.*, 988 F. Supp. 2d 305, 315 (E.D.N.Y. 2013) ("Taking into account the history and nature of the office, including the independence and discretion necessarily afforded district attorneys, the Court of Appeals for the Second Circuit determined that when prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county.") (quotation and citation omitted).

**Plaintiff's Position.** Plaintiff has never expressly stated whether he consents to the requested disclosure. The Proposed Order was provided to plaintiff today, but plaintiff's counsel indicated that they would not respond until the time set for the Court for a response to this filing. In any event, for plaintiff to oppose the disclosure would constitute bad faith gamesmanship, as plaintiff has access to the materials sought which are directly relevant to his claims. Moreover, plaintiff lacks standing to oppose the disclosure. Plaintiff has properly waived any sealing protections of his criminal case under N.Y. Crim. P. Law § 160.50. Indeed, plaintiffs are routinely required to make such waivers in order to proceed with Section 1983 claims in this Court under Local Rule 83.1, because it is impossible for defendants to properly respond to such complaints without the materials which underly a plaintiff's prosecution. The same is true here. The materials are the most direct evidence of probable cause against plaintiff, and due process requires that defendants have access to such evidence in order for plaintiff's claims and defendants' defenses thereto to be fully and fairly litigated. While non-parties may have an interest in protecting the confidentiality of certain information, plaintiff has no standing to assert those interests, which, in any event, can be protected through the review, redaction and confidentiality procedures set forth in the Proposed Order.

In his April 10, 2023 letter to the Court (ECF No. 52) plaintiff contends that he is not obligated to produce to defendant any materials received from plaintiff's criminal counsel, because he says it appears from correspondence from the OSNP that the same materials were provided to defendants. But that correspondence does not free plaintiff of his discovery obligations in this case. First, that correspondence describes materials in a general way, and cannot attest to whether in every respect the materials received by plaintiff were identical to what was provided to defendants. Second, plaintiff's counsel likely received materials not provided by the OSNP to defendants, such as, for example, correspondence and court filings in the criminal case, which were never comprehensively produced by OSNP. Accordingly, plaintiff should be required to produce or make available to defendants all non-privileged materials plaintiff's counsel received from criminal counsel regarding plaintiff's arrest and prosecution, and identify the privileged items on a privilege log.

We thank the Court for its consideration in this matter.

Respectfully submitted,

*Alan H. Scheiner* /s/

Alan H. Scheiner
Senior Counsel

cc (via ECF): Counsel for Plaintiff

cc (via email):
    Counsel for the Special Narcotics Prosecutor
    Counsel for the Drug Enforcement Agency