USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/26/2023



**THE CITY OF NEW YORK**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

ALAN H. SCHEINER
                              n Division
                              356-3455
                              356-0399
                              w.nyc.gov

> Having considered the positions of both sides, the Court grants Defendants' request that certain deposition dates be adjourned to accommodate Defense counsel's scheduling conflict. The parties shall meet and confer in good faith to reschedule the depositions for the soonest amenable dates between May 17, 2023 and June 30, 2023. If needed, the parties shall propose a reasonable extension of the June 30 discovery deadline to allow for the depositions of the OSNP witnesses.
>
> In the event the parties cannot agree in good faith on rescheduled dates for the depositions, they shall write to the Court no later than June 15, 2023 and the Court will set new dates.

**Via ECF**
Hon. Katherine H. Parker
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

SO ORDERED:

*/s/ Katharine H. Parker/*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE    4/26/2023

Re:  *John Doe v. City of New York, et*

Your Honor:

    I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York (the "City"), assigned to the defense of the above-captioned matter. I write to respectfully request that the Court grant defendants relief from certain deposition dates in light of a conflicting trial schedule. Defendants asked that plaintiff adjourn these depositions to accommodate a trial in another matter on May 15, 2023 and because the status of certain relevant evidence addressed in defendants' application of April 17, 2023 (ECF No. 56) remains unclear. Plaintiff has refused. I certify that counsel for the parties have conferred on the matter by telephone and it appears that no resolution is possible without Court intervention.

    Because this concerns a scheduling conflict with a trial on May 15, 2023, and the dispute is straightforward, defendants respectfully request that the Court expedite consideration of this matter, and, if the Court would like to hear from plaintiffs that it require plaintiffs to respond by April 25, 2023. (Defendants requested plaintiff's consent to this timing, but have not received a response.)

    The parties previously scheduled three depositions for the week of May 15, 2023. Two of the witnesses are prosecutors from the Office of the Special Narcotics Prosecutor ("OSNP"), who were scheduled for a half-day each on May 15 and May 16, respectively. Those witnesses are represented by attorneys at the OSNP. The individual defendant was scheduled to be deposed May 19, 2023. Today I contacted counsel for the plaintiffs and OSNP to advise them of a scheduling conflict due to a trial set for May 15, 2023 in *Roldan v. City of New York*, 21 Civ. 9560 (AKH) in the Southern District of New York. I also noted that, in any event, the depositions of the prosecutors should not go forward while defendants' April 17, 2023 remains undecided.

OSNP's counsel did not object to adjournment of the depositions, but stated that they would not be able to appear for the depositions until mid to late June, and that one of the prosecutors has a homicide trial scheduled in June so that finding a date for that witness in June "will prove challenging." Plaintiff's counsel objected to any adjournment, stating that the depositions had been scheduled as of mid-March and they would not accommodate changes, in light of possible scheduling difficulties raised by the OSNP. Plaintiff's counsel did not respond to the request for adjournment of the defendant's deposition; the defendant is generally available most working days after May 19, 2023.

Aside from defendants' counsel's upcoming trial, the prosecutor depositions should be adjourned because the result of defendants' application of April 17, 2023 remains unclear. As set forth in defendants' application (ECF No. 56), the evidence sought is directly relevant to probable cause and other matters as to which these witnesses have personal knowledge. Although OSNP has consented to the disclosure order (ECF No. 56-1), plaintiff has so far refused to take a position until May 1, 2023. Plaintiffs' perseveration – despite having waived any objections by putting plaintiff's prosecution directly at issue – belies plaintiff's stance that expeditious completion of discovery is his priority. It is unfair for plaintiff to conduct depositions of prosecutors when the evidence of probable cause on which those witnesses based the prosecution is off limits for review or questioning. *See* ECF No. 56 at 2 ("Attorneys representing the OSNP and the DEA have also indicated that witnesses in this case under their control will not testify regarding matters relating to the Protected Materials absent court order.")

Defendants regret the inconvenience to the non-party witnesses and their counsel arising from defendants' requested schedule change. But, nevertheless, discovery does not close until June 30, 2023, and ample time remains in the six weeks of discovery following the scheduled dates to complete two half-day depositions. Counsel frequently reschedule depositions to accommodate practice obligations and procedural delays, as professional courtesy dictates. (Even if one of the non-party witnesses were to prove unavailable during that time, which is not yet evident, a very brief extension of discovery solely to take that deposition would be reasonable.)

Therefore, defendants respectfully request that the Court order that the depositions scheduled for the week of May 15, 2023 be adjourned until a date sometime after the Court rules on the defendants' application of April 17, 2023, and any disclosures ordered are completed.

We thank the Court for its consideration in this matter.

Respectfully submitted,

*Alan H. Scheiner* /s/
Alan H. Scheiner
Senior Counsel

cc (via ECF): Counsel for Plaintiff
cc (via email):
    Counsel for the Special Narcotics Prosecutor
    Counsel for the Drug Enforcement Agency