# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LA
600 FIFTH AVENUE AT ROCKEFE
10TH FLOOR
NEW YORK, NEW YORK

TEL: (212) 763-500
FAX: (212) 763-500
www.ecbawm.com

VASUDHA TALLA

ERIC ABRAMS
DAVID BERMAN
NICK BOURLAND
M. EISENBERG
A LUZ ESTELA
W K. JONDAHL
MAC DOUGALL
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/12/2023
```

June 9, 2023

**By ECF**

Hon. Katharine H. Parker
United States District Court for the
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007

> APPLICATION GRANTED. **The Clerk of the Court is respectfully requested to seal the Order at ECF No. 65, as well as the exhibit at ECF No. 64-1**, both of which contain personally sensitive information of the Plaintiff.
> The below Exhibit 1 constitutes the publicly filed version of the Order with applicable redactions.

SO ORDERED:

*Katharine H Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   6/12/2023

Re:    *John Doe v. City of New York, et*

Dear Judge Parker:

   This office represents Plaintiff in this case. It recently came to our attention that the Court's May 9, 2023 Order To Disclose Certain Discovery Materials (ECF No. 65) contains confidential information, including Plaintiff's indictment number and criminal docket number. This information could lead to the revelation of Plaintiff's identity, which is now sealed and has been protected since the case was filed. We realized this information is available on the docket when Westlaw published the Court's May 9, 2023 Order.

   We ask that the Court replace the version of the Order currently on the docket with a redacted version that protects this confidential information. A version of the Order and its Exhibit with proposed redactions are attached hereto as Exhibits 1 and 2. Defendants consent to this request.

   Respectfully submitted,

   /s/
   Andrew G. Celli, Jr.
   Katherine Rosenfeld
   Emily K. Wanger

c.  All Counsel, via ECF

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

JOHN DOE,

                Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                Defendants.

</td><td>

22-CV-2690 (PKC) (KHP)

**ORDER TO DISCLOSE CERTAIN DISCOVERY MATERIALS**

</td></tr>
</table>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/9/2023

WHEREAS, plaintiff brought this action asserting claims under 42 U.S.C. § 1983 for malicious prosecution and unlawful pre- trial detention, and defendants deny any liability;

WHEREAS, defendants requested copies from the Office of the Special Narcotics Prosecutor for the City of New York ("OSNP") of the materials OSNP produced to plaintiff in discovery in his criminal prosecution, wherein he was charged with Conspiracy in the Second Degree, in violation of N.Y. P. Law §105.15, Indictment # ▮▮▮▮, Dkt. No. ▮▮▮▮▮▮ (the "Criminal Case"), giving rise to this civil action, and which OSNP complied with that request, and some of these materials have been produced by defendants to plaintiff in discovery;

WHEREAS, plaintiff's counsel also received materials from the counsel who had defended plaintiff in the Criminal Case, including documents which had been disclosed by prosecutors to plaintiff in the Criminal Case;

WHEREAS, on March 10, 2023, OSNP advised the parties to this action (the "Parties") by letter and attachments (appended hereto as Exhibit A) that the following materials that had been disclosed to the Parties are sealed or otherwise protected from disclosure under certain New York statues and state court orders: (i) grand jury minutes and exhibits; (ii) eavesdropping warrants and applications and the related intercepted calls and data; and (iii) search warrants and applications; and (iv) pen register/trap

1

and trace warrants and applications (collectively, the "Protected Materials");

WHEREAS, in Exhibit A, OSNP demanded that the Parties return, delete or destroy all Protected Materials in their possession;

WHEREAS, OSNP and the U.S. Drug Enforcement Administration ("DEA") have indicated that witnesses in this case under their control cannot testify regarding matters relating to the Protected Materials, absent a Court Order to disclose;

WHEREAS, after conferring with counsel for the Parties, OSNP agreed to hold its March 10, 2023 demand in abeyance pending the result of a timely application to a court to adjudicate OSNP's demand, provided the Protected Materials were not disseminated further or further reviewed by counsel, and the parties' counsels agreed to those conditions;

WHEREAS, plaintiff has voluntarily waived any sealing protections under N.Y. Crim. P. Law § 160.50;

WHEREAS, OSNP and DEA have taken no position on defendants' application to unseal and disclose the Relevant Protected Materials, provided that should this Court grant defendants' application and order the disclosure of the Relevant Protected Materials, OSNP and DEA consent to the following conditions of said Order.

THEREFORE IT IS HEREBY ORDERED AND ADJUDGED THAT:

1.      Defendants have demonstrated a compelling and particularized need for the Protected Materials to the extent that they relate to plaintiff and/or the charge against plaintiff in the Criminal Case;

2.      The Court finds that the interests of justice, due process, and the requirements of full and fair adjudication of federal rights, require that the Protected Materials be disclosed to the Parties, subject to the limitations set forth herein, notwithstanding the provisions of N.Y. Crim. P. Law §§ 190.25(4)(a), 700.65(3), 705.30(1), or other law or prior court orders relating to the Protected

2

Materials.

3.      OSNP in the first instance shall review the  Protected  Materials for materials that relate to  the  conspiracy charges against plaintiff in the Criminal Case, hereinafter the "Relevant Protected Materials."  OSNP, in consultation with DEA, is hereby required to disclose the Relevant Protected Materials in discovery in this action, subject to the limitations and conditions set forth herein.

4.      If OSNP determines that all the Protected Materials are Relevant Protected Materials, and that no redactions are required pursuant to paragraph 6 of this Order, then they shall promptly inform the Parties by email.

5.      Within 30 days of the entry of this Order, OSNP shall provide the Parties with a bates-stamped set of (a) the Relevant Protected Materials with any redactions made pursuant to Paragraph 6, and (b) a log of Protected Materials that have been withheld for lack of relevance and/or privilege.

6.      OSNP, after consultation with DEA, may redact from Relevant Protected Materials the names of any persons who are not parties to this action whom they believe require additional confidentiality protection not otherwise provided for in this Order, and provide the parties with a key assigning a letter to each unique redacted person and stating the general reasons for the redaction of each person, and each redaction shall contain the letter for the person redacted.

7.      The bates-stamped sets produced by OSNP, after consultation with DEA, and in accordance with Paragraphs 3-6 of this Order, shall be the sole and exclusive versions of the Protected Materials and the Relevant Protected Materials used for discovery in this action and shall be referred to as the "Unsealed Materials."

8.      Following OSNP's production of the Unsealed Materials to the Parties pursuant to paragraphs  3-6 of this Order,  the Parties shall, within ten (10) business days of such production, delete or destroy any Protected Materials that they previously received from any other source, including but not limited to materials received from plaintiff's criminal defense counsel and materials previously

received from OSNP.  The Parties may not otherwise use, review, access, or disseminate the Protected Materials other than the Unsealed Materials..

9.    Should the Parties disagree with the designation of any document as Protected Materials or Relevant Protected Materials or Unsealed Materials, the objecting party must notify OSNP and DEA in writing within ten (10) days of receipt of the materials and make good faith attempts to confer with OSNP and DEA to resolve the dispute.  If the dispute cannot be resolved, and within ten (10) days after efforts to confer are completed, the objecting party may make an application to the Court challenging such designation.  Until the Court resolves the dispute about the designation, the disputed document shall be treated as Protected Materials within the meaning of this Order.

10.    The Parties may not use, review, access, obtain, receive, procure, or disseminate Protected Materials other than in conformance with this Order or as needed to effect compliance with this Order and only after the procedure set forth in  paragraphs 3-6 of this Order has been completed..

11.    The Unsealed Materials may be used by the Parties to this case and their attorneys solely for the purposes of this litigation, and by OSNP and DEA in preparing for depositions and shall be deemed Confidential pursuant to the terms of the Confidentiality Stipulation and Order of June 27, 2022 (ECF No. 11) (the "Confidentiality Order").

12.    Witnesses in this case may be questioned at deposition regarding the Unsealed Materials and/or the information contained therein on a Confidential basis subject to the Confidentiality Order.

13.    To the extent that the parties determine that it is necessary to submit any of the Unsealed Materials to this Court, those materials shall be filed under seal.

14.    The Court shall in its sole discretion determine how the Unsealed Materials may be used at trial and under what circumstances and conditions.

15.     The Parties, OSNP and DEA shall retain the right to seek further relief relating to the

Protected Materials, Relevant Protected Materials, and Unsealed Materials.

**The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 55 and the**

**corrected motion at ECF No. 56, as those motions are resolved by this Order.**


          SO ORDERED.

Date:   May 9, 2023
          New York, NY

                                          *Kathaine H. Parker*
                                          KATHARINE H. PARKER
                                          United States Magistrate Judge

5

# EXHIBIT A

**Office of the Special Narcotics Prosecutor for the City of New York**
Bridget G. Brennan, Special Narcotics Prosecutor



80 Centre Street, Sixth Floor, New York, NY 10013
**Phone:** 212-815-0400    **Fax:** 212-815-0440

March 10, 2023

Andrew G Celli, Jr.
Emery Celli Brinckerhoff Abady Ward & Maazel LLP
600 Fifth Avenue at Rockefeller Center, 10th Floor
New York, New York 10020

Alan H. Scheiner
Special Federal Litigation Division
NYC Law Department
100 Church Street, Rm. 3-177
New York, New York  10007

Re:    John Doe v. City of New York et al.
       22 Civ. 02690

Dear Mr. Celli and Mr. Scheiner:

It has come to our attention that certain materials related to the criminal case ███████ ███████, are in your possession that are currently under seal pursuant to New York State law. I am requesting that you return these materials to the Office of the Special Narcotics Prosecutor and destroy or delete any copies that you may have made.

The relevant materials are as follows: (i) Grand Jury minutes and exhibits for two presentations (████████████████████); (ii) eavesdropping warrants and applications and the related intercepted calls and data; (iii) search warrants and applications; and (iv) pen register/trap and trace warrants and applications.

Although Plaintiff provided authorization to unseal records related to his arrest and prosecution pursuant to CPL § 160.50, this does not have legal effect over documents sealed under separate authority. For example, Grand Jury proceedings and evidence are secret and may not be disclosed without written order of the court. See CPL § 190.25(4)(a). Communications or other evidence obtained through eavesdropping warrants may only be disclosed in certain enumerated proceedings. See CPL § 700.65(3). Pen register and trap and trace orders are also sealed. See CPL § 705.30(1). Finally, various applications and search warrants in this case have been sealed by judicial order. See Exhibits A through M.

1

Accordingly, please deliver to the Office of the Special Narcotics Prosecutor, 80 Centre Street, New York, NY 10013, the following materials, in electronic and/or paper form, and destroy or delete any additional copies:

(1) Grand Jury minutes and exhibits from the December 2018 presentation relating to

(2) Grand Jury minutes and exhibits from the March 2019 presentation relating to

(3) Intercepted communications and data obtained pursuant to an eavesdropping warrant signed on            .

(4) Eavesdropping warrant and application signed on            , and accompanying affidavit. See Exhibit A.

(5) Retroactive amendment to eavesdropping warrant, application, and accompanying affidavit, signed on            . See Exhibit B.

(6) Search warrant and application for the search of a premises, dated (Search Warrant #1771-2018). See Exhibit C.

(7) Search warrant and application for the search of a premises, dated (Search Warrant #1772-2018). See Exhibit D.

(8) Search warrants and application for materials on four cellphones and one electronic watch, dated            (Search Warrant #1774-2018, #1775-2018, #1776-2018, #1777-2018, #1778-2018). See Exhibit E.

(9) Search warrant and application for materials on two cellphones, dated January 28, 2019 (Search Warrant #129-2019 and Search Warrant #130-2019). See Exhibit F.

(10) Search warrants and application for data from Facebook and Instagram, dated October 25, 2019 (Search Warrant #1230-2019 and #1231-2019). See Exhibit G.

(11) Search warrants and application for historical cell site data from four cellphones, dated October 25, 2019 (Search Warrant #1226-2019, #1227-2019, #1228-2019, and #1229-2019). See Exhibit H.

(12) Search warrant and application for historical cell site data from a cellphone, dated November 26, 2019. See Exhibit I.

(13) Pen register, trap and trace, and other orders and application related to two phone numbers, dated May 21, 2018. See Exhibit J.

(14) Pen register, trap and trace, and other orders and application related to one phone number, dated June 28, 2018. See Exhibit K.

(15) Pen register, trap and trace, and other orders and application related to one phone number, dated June 28, 2018. See Exhibit L.

(16) Pen register, trap and trace, and other orders and application related to one phone number, dated September 12, 2018. See Exhibit M.

2

Your prompt attention to this matter is greatly appreciated. Please let me know if you have any questions.

Sincerely,

Marc Stepper
Co-Chief, Asset Forfeiture and Civil Litigation Unit
Office of the Special Narcotics Prosecutor
80 Centre Street
New York, NY 10013
Office: (212) 815-0194
Cell: (646) 952-1864

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

INV. NO. 2018S/0057

In the Matter
of

the interception of certain telephonic and electronic
communications transmitted over a cellular telephone
assigned telephone number ███████████

EAVESDROPPING
WARRANT



2



3



4

ORDERED that this Eavesdropping Warrant and related Orders, the supporting

Application, and the Affidavit shall be sealed until otherwise ordered by this Court, or until

such time as disclosure is required by New York Criminal Procedure Law Article 700 or

705, except that copies may be retained by the District Attorney's Office, SNP, DEA, and

that copies of the Orders may be retained by ████ and, if there is a change in service, the

successor provider; and it is further

DATED: New York, New York

TIME: _13:40_

PT-61

_____
Justice Abraham Clott
Supreme Court, Special Narcotics Courts
County and City of New York

**HON. ABRAHAM CLOTT**

5

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

INV. NO. 2018S/0057

In the Matter
-of-

the interception of certain telephonic and electronic
communications transmitted over a cellular telephone
assigned telephone number

**RETROACTIVE AMENDMENT TO AN EAVESDROPPING WARRANT**



1



ORDERED that this Order, the supporting Application, and the Affidavit shall be sealed until otherwise ordered by this Court, or until such time as disclosure is required by New York Criminal Procedure Law Article 700 or 705, except that copies may be retained by the District Attorney's Office, the Office of the Special Narcotics Prosecutor for the City of New York, and the DEA; and it is further

DATED: New York, New York

TIME: _11:05_

PT-61

_____
Justice Abraham Clott
Supreme Court, Special Narcotics Courts
County and City of New York

HON. ABRAHAM CLOTT

2

# EXHIBIT C

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK



ORDERED that the affidavit for this warrant and accompanying minutes, if any, be sealed except that a copy may be retained by the Special Narcotics Prosecutor's Office and may be made available by said Office, in connection with a prosecution resulting from the execution of this warrant, to another city, state or federal prosecution agency or office.

WARRANT MUST BE EXECUTED WITHIN (10)TEN DAYS OF DAY OF ISSUANCE

DATED IN THE CITY OF NEW YORK, this ____ day of ____

TIME: _____18:28_____

HON. MARISOL MARTINEZ ALONSO

JUDGE OF THE CRIMINAL COURT

CRIMINAL COURT OF THE CITY OF NEW YORK

COUNTY OF NEW YORK

IN THE MATTER
OF
AN APPLICATION FOR A WARRANT AUTHORIZING THE SEARCH OF ██████████

BRIDGET G. BRENNAN
SPECIAL ASSISTANT DISTRICT ATTORNEY
80 Centre Street
New York, New York 10013

SEARCH WARRANT # _____

EXHIBIT D

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

ORDERED that the affidavit for this warrant and accompanying minutes, if any, be sealed except that a copy may be retained by the Special Narcotics Prosecutor's Office and may be made available by said Office, in connection with a prosecution resulting from the execution of this warrant, to another city, state or federal prosecution agency or office.

WARRANT MUST BE EXECUTED WITHIN (10)TEN DAYS OF DAY OF ISSUANCE

DATED IN THE CITY OF NEW YORK. this ____ day of _____

TIME: ____18:28_____

HON. MARISOL MARTINEZ ALONSO

JUDGE OF THE CRIMINAL COURT

Target Location

CRIMINAL COURT OF THE CITY OF NEW YORK

COUNTY OF NEW YORK

IN THE MATTER
OF
AN APPLICATION FOR A WARRANT AUTHORIZING THE SEARCH OF ███

BRIDGET G. BRENNAN
SPECIAL ASSISTANT DISTRICT ATTORNEY
80 Centre Street
New York, New York 10013

1778 – 2019

SEARCH WARRANT # _____

EXHIBIT E

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

███████████████████████████████████████████

ORDERED that the affidavit for this warrant and accompanying minutes, if any, be sealed except that a copy may be retained by the Special Narcotics Prosecutor's Office and may be made available by said Office, in connection with a prosecution resulting from the execution of this warrant, to another city, state or federal prosecution agency or office.

WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE

DATED IN THE CITY OF NEW YORK, this ███ ████████████

TIME: ___16:10___

PT-61 ████████████

_____
JUDGE OF THE CRIMINAL COURT
HON. ABRAHAM CLOTT

Target Cellphone 1: ████████████████████
████████████████████████████████████

CRIMINAL COURT OF THE CITY OF NEW YORK

COUNTY OF NEW YORK

IN THE MATTER
OF
AN APPLICATION FOR A WARRANT AUTHORIZING A SEARCH OF ████████

████████████████████████████████████████████████████████

BRIDGET G. BRENNAN
SPECIAL ASSISTANT DISTRICT ATTORNEY
80 Centre Street
New York, New York 10013

SEARCH WARRANT #  1774 - 2018

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

ORDERED that the affidavit for this warrant and accompanying minutes, if any, be sealed except that a copy may be retained by the Special Narcotics Prosecutor's Office and may be made available by said Office, in connection with a prosecution resulting from the execution of this warrant, to another city, state or federal prosecution agency or office.

WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE

DATED IN THE CITY OF NEW YORK, this ▇▇▇▇▇▇.

TIME: _____ 16:10

PT-61 ▇▇▇▇▇

_____
JUDGE OF THE CRIMINAL COURT
HON. ABRAHAM CLOTT

Target Cellphone 2: ▇▇▇▇▇▇▇▇▇▇

CRIMINAL COURT OF THE CITY OF NEW YORK

COUNTY OF NEW YORK

IN THE MATTER
OF
AN APPLICATION FOR A WARRANT AUTHORIZING A SEARCH OF ███████

███████████████████████████████████████████████████

BRIDGET G. BRENNAN
SPECIAL ASSISTANT DISTRICT ATTORNEY
80 Centre Street
New York, New York 10013

SEARCH WARRANT #  **1775 - 2018 ·**

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

ORDERED that the affidavit for this warrant and accompanying minutes, if any, be

sealed except that a copy may be retained by the Special Narcotics Prosecutor's Office and may

be made available by said Office, in connection with a prosecution resulting from the execution

of this warrant, to another city, state or federal prosecution agency or office.

<u>WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE</u>

DATED IN THE CITY OF NEW YORK, this ███████████████.

TIME: __16:10__

PT-61  ████████

JUDGE OF THE CRIMINAL COURT
HON. ABRAHAM CLOTT

<u>Target Cellphone 3:</u>

CRIMINAL COURT OF THE CITY OF NEW YORK

COUNTY OF NEW YORK

IN THE MATTER
OF
AN APPLICATION FOR A WARRANT AUTHORIZING A SEARCH OF

BRIDGET G. BRENNAN
SPECIAL ASSISTANT DISTRICT ATTORNEY
80 Centre Street
New York, New York 10013

**1776 – 2018**

SEARCH WARRANT # _____

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

ORDERED that the affidavit for this warrant and accompanying minutes, if any, be sealed except that a copy may be retained by the Special Narcotics Prosecutor's Office and may be made available by said Office, in connection with a prosecution resulting from the execution of this warrant, to another city, state or federal prosecution agency or office.

WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE

DATED IN THE CITY OF NEW YORK, this ▮▮▮▮▮▮▮▮▮▮

TIME: ___11:10___

PT-61 ▮▮▮▮▮▮▮

_____
JUDGE OF THE CRIMINAL COURT

Target Watch I: ▮▮▮▮▮▮▮▮▮▮▮▮▮

CRIMINAL COURT OF THE CITY OF NEW YORK

COUNTY OF NEW YORK

IN THE MATTER
OF
AN APPLICATION FOR A WARRANT AUTHORIZING A SEARCH OF ███████████

██████████████████████████████████████████

BRIDGET G. BRENNAN
SPECIAL ASSISTANT DISTRICT ATTORNEY
80 Centre Street
New York, New York 10013

**1777 - 2013**

SEARCH WARRANT # _____

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

ORDERED that the affidavit for this warrant and accompanying minutes, if any, be sealed except that a copy may be retained by the Special Narcotics Prosecutor's Office and may be made available by said Office, in connection with a prosecution resulting from the execution of this warrant, to another city, state or federal prosecution agency or office.

WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE

DATED IN THE CITY OF NEW YORK, this

TIME: _____ 11:10

PI-61

JUDGE OF THE CRIMINAL COURT
HON. ABRAHAM CLOTT

Target Cellphone 4:

# Exhibit 2

# EXHIBIT F

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

████████████████████████████████████

ORDERED that the affidavit for this warrant and accompanying minutes, if any, be sealed except that a copy may be retained by the Special Narcotics Prosecutor's Office and may be made available by said Office, in connection with a prosecution resulting from the execution of this warrant, to another city, state or federal prosecution agency or office.

<u>WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE</u>

DATED IN THE CITY OF NEW YORK, this 28th day of January 2019.

TIME: _15:40_

HON. ABRAHAM CLOTT
JUDGE OF THE CRIMINAL COURT

Target Cellphone 1: ████████████████

CRIMINAL COURT OF THE CITY OF NEW YORK

COUNTY OF NEW YORK

IN THE MATTER
OF
AN APPLICATION FOR A WARRANT AUTHORIZING A SEARCH OF ███████

███████████████████████████████████████████████████

BRIDGET G. BRENNAN
SPECIAL ASSISTANT DISTRICT ATTORNEY
80 Centre Street
New York, New York 10013

SEARCH WARRANT # **0129** – 2019

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK



ORDERED that the affidavit for this warrant and accompanying minutes. if any, be

sealed except that a copy may be retained by the Special Narcotics Prosecutor's Office and may

be made available by said Office, in connection with a prosecution resulting from the execution

of this warrant, to another city, state or federal prosecution agency or office.

WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE

DATED IN THE CITY OF NEW YORK. this 28th day of January 2019.

TIME: _____ 15:00 ___ PT-61 JAN 28 2019.

HON. ABRAHAM CLOTT

_____

JUDGE OF THE CRIMINAL COURT

Target Cellphone 2:

EXHIBIT G

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

WARRANT

ORDERED that this warrant, the supporting application and any transcript of any accompanying sworn testimony in support of this application, shall be sealed until such time as disclosure is required by the New York Criminal Procedure Law or otherwise ordered by this Court, except that copies may be retained by the Office of the Special Narcotics Prosecutor and the investigating agency or agencies involved, and that the warrant may be retained by Facebook.

WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE

DATED:     New York, New York
           October 25, 2019

The Honorable Abraham Clott
Justice of the Supreme Court
Special Narcotics Courts
County and City of New York

**HON. ABRAHAM CLOTT**

PT-61    **OCT 25 2019**

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

IN THE MATTER
OF

AN APPLICATION PURSUANT TO CPL ARTICLE 690 AND 18 USC §2703 FOR A
WARRANT/ORDER TO SEARCH/OBTAIN RECORDS RELATING TO FACEBOOK, INC.,
A/K/A FACEBOOK OR FACEBOOK.COM, ACCOUNTS ASSOCIATED WITH THE
FOLLOWING USERS AND/OR UNIFORM RESOURCE LOCATORS ("URL"):

BRIDGET G. BRENNAN
SPECIAL ASSISTANT DISTRICT ATTORNEY
80 Centre Street
New York, New York 10013

SEARCH WARRANT # __1230-2019__

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

WARRANT

ORDERED that this warrant, the supporting application and any transcript of any

accompanying sworn testimony in support of this application, shall be sealed until such time as

disclosure is required by the New York Criminal Procedure Law or otherwise ordered by this

Court, except that copies may be retained by the Office of the Special Narcotics Prosecutor and

the investigating agency or agencies involved, and that the warrant may be retained by

Instagram.

WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE.

DATED:      New York, New York
            October 25, 2019

The Honorable Abraham Clott
Justice of the Supreme Court
Special Narcotics Courts:
County and City of New York

HON. ABRAHAM CLOTT

PT-61    OCT 25 2019

# EXHIBIT H

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

WARRANT

ORDERED that this warrant, the supporting application and any transcript of any

accompanying sworn testimony in support of this application, shall be sealed until such time as

disclosure is required by the New York Criminal Procedure Law or otherwise ordered by this

Court, except that copies may be retained by the Office of the Special Narcotics Prosecutor and

the investigating agency or agencies involved, and that the warrant may be retained by

WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE

DATED:    New York, New York
             October 25, 2019

The Honorable Abraham Clott
Justice of the Supreme Court
Special Narcotics Courts
County and City of New York

HON. ABRAHAM CLOTT

PT-61   OCT 2 5 2019

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

IN THE MATTER
OF
AN APPLICATION PURSUANT TO CPL ARTICLE 690 AND 18 USC §2703 FOR A
WARRANT AUTHORIZING THE DISCLOSURE OF CERTAIN CELLPHONE RECORDS,
INCLUDING HISTORICAL CELL SITE INFORMATION, WITH RESPECT TO A
CELLULAR TELEPHONE ASSIGNED TELEPHONE NUMBER

BRIDGET G. BRENNAN
SPECIAL ASSISTANT DISTRICT ATTORNEY
80 Centre Street
New York, New York 10013

**1226** – 2019

SEARCH WARRANT # _____

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

WARRANT



ORDERED that this warrant, the supporting application and any transcript of any accompanying sworn testimony in support of this application, shall be sealed until such time as

disclosure is required by the New York Criminal Procedure Law or otherwise ordered by this

Court, except that copies may be retained by the Office of the Special Narcotics Prosecutor and

the investigating agency or agencies involved, and that the warrant may be retained by ███

WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE

DATED:    New York, New York
            October 25, 2019

_____
The Honorable Abraham Clott
Justice of the Supreme Court
Special Narcotics Courts
County and City of New York

HON. ABRAHAM CLOTT

PT-61   **OCT 2 5 2019**

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

IN THE MATTER
OF
AN APPLICATION PURSUANT TO CPL ARTICLE 690 AND 18 USC §2703 FOR A
WARRANT AUTHORIZING THE DISCLOSURE OF CERTAIN CELLPHONE RECORDS,
INCLUDING HISTORICAL CELL SITE INFORMATION, WITH RESPECT TO A
CELLULAR TELEPHONE ASSIGNED TELEPHONE NUMBER ████

BRIDGET G. BRENNAN
SPECIAL ASSISTANT DISTRICT ATTORNEY
80 Centre Street
New York, New York 10013

**1227** - 2019

SEARCH WARRANT #

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

WARRANT



ORDERED that this warrant, the supporting application and any transcript of any accompanying sworn testimony in support of this application, shall be sealed until such time as disclosure is required by the New York Criminal Procedure Law or otherwise ordered by this Court, except that copies may be retained by the Office of the Special Narcotics Prosecutor and the investigating agency or agencies involved, and that the warrant may be retained by

WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE

DATED:       New York, New York
             October 25, 2019

The Honorable Abraham Clott
Justice of the Supreme Court
Special Narcotics Courts
County and City of New York

HON. ABRAHAM CLOTT,

PT-61   OCT 25 2019

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

IN THE MATTER
OF
AN APPLICATION PURSUANT TO CPL ARTICLE 690 AND 18 USC §2703 FOR A
WARRANT AUTHORIZING THE DISCLOSURE OF CERTAIN CELLPHONE RECORDS,
INCLUDING HISTORICAL CELL SITE INFORMATION, WITH RESPECT TO A
CELLULAR TELEPHONE ASSIGNED TELEPHONE NUMBER ███████████████

███████████

BRIDGET G. BRENNAN
SPECIAL ASSISTANT DISTRICT ATTORNEY
80 Centre Street
New York, New York 10013

**122{ – 2019**

SEARCH WARRANT # _____

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

WARRANT

ORDERED that this warrant, the supporting application and any transcript of any accompanying sworn testimony in support of this application, shall be sealed until such time as disclosure is required by the New York Criminal Procedure Law or otherwise ordered by this Court, except that copies may be retained by the Office of the Special Narcotics Prosecutor and the investigating agency or agencies involved, and that the warrant may be retained by

WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE.

DATED:    New York, New York
              October 25, 2019

The Honorable Abraham Clott
Justice of the Supreme Court
Special Narcotics Courts
County and City of New York

**HON. ABRAHAM CLOTT**

PT-61   **OCT 2 5 2019**

EXHIBIT I

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

WARRANT

ORDERED that this warrant, the supporting application and any transcript of any

accompanying sworn testimony in support of this application, shall be sealed until such time as

disclosure is required by the New York Criminal Procedure Law or otherwise ordered by this

Court, except that copies may be retained by the Office of the Special Narcotics Prosecutor and

the investigating agency or agencies involved, and that the warrant may be retained by ▮▮▮▮

<u>WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE</u>

DATED:        New York, New York
              November 26, 2019

_____
The Honorable Abraham Clott
Justice of the Supreme Court
Special Narcotics Courts
County and City of New York

PT-61   **NOV 2 6 2019**   HON. ABRAHAM CLOTT

# EXHIBIT J

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

In the Matter

of

the application for an order authorizing the collection
of pen register data, trap and trace data, the acquisition
of certain geographic location information, and the use
of a cell site simulator, with respect to a cellular
telephone currently assigned telephone number

**ORDER AUTHORIZING THE
COLLECTION OF PEN
REGISTER DATA, TRAP AND
TRACE DATA, THE
ACQUISITION OF
GEOGRAPHIC LOCATION
INFORMATION, AND THE
USE OF A CELL SITE
SIMULATOR**

In the Matter

of

the application for an order authorizing the collection
of pen register data, trap and trace data, the acquisition
of certain geographic location information, and the use
of a cell site simulator, with respect to a cellular
telephone currently assigned telephone number

**ORDER AUTHORIZING THE
COLLECTION OF PEN
REGISTER DATA, TRAP AND
TRACE DATA, THE
ACQUISITION OF
GEOGRAPHIC LOCATION
INFORMATION, AND THE
USE OF A CELL SITE
SIMULATOR**





**ORDERED** that this Order and supporting application shall be sealed until otherwise ordered, or until such time as disclosure is required by New York State Criminal Procedure Law Article 700, except that copies may be retained by the District Attorney's Office, SNP, and the investigating agency or agencies involved; and it is further

DATED:     New York, New York
           May 31, 2018

FT-61  **MAY 3 1 2018**

_____
JUSTICE OF THE SUPREME COURT

HON. ABRAHAM CLOTT

4

# EXHIBIT K

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

In the Matter

of

the application for an order authorizing the collection
of pen register data, trap and trace data, the acquisition
of certain geographic location information, and the use
of a cell site simulator, with respect to a cellular
telephone currently assigned telephone number ▇▇▇▇▇

ORDER AUTHORIZING THE
COLLECTION OF PEN
REGISTER DATA, TRAP AND
TRACE DATA, THE
ACQUISITION OF
GEOGRAPHIC LOCATION
INFORMATION, AND THE
USE OF A CELL SITE
SIMULATOR



ORDERED that this Order and supporting application shall be sealed until otherwise

3

ordered, or until such time as disclosure is required by New York State Criminal Procedure Law Article 700, except that copies may be retained by the District Attorney's Office, SNP, and the investigating agency or agencies involved; and it is further

DATED:     New York, New York
           June 28, 2018

        PJ-61    JUN 28 2018

                                        _____
                                        JUSTICE OF THE SUPREME COURT

                                        HON. ABRAHAM CLOTT

4

EXHIBIT L

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

In the Matter

of

the application for an order authorizing the collection
of pen register data, trap and trace data, the acquisition
of certain geographic location information, and the use
of a cell site simulator, with respect to a cellular
telephone currently assigned telephone number █████

ORDER AUTHORIZING THE
COLLECTION OF PEN
REGISTER DATA, TRAP AND
TRACE DATA, THE
ACQUISITION OF
GEOGRAPHIC LOCATION
INFORMATION, AND THE
USE OF A CELL SITE
SIMULATOR



**ORDERED** that this Order and supporting application shall be sealed until otherwise

3

ordered, or until such time as disclosure is required by New York State Criminal Procedure Law
Article 700, except that copies may be retained by the District Attorney's Office, SNP, and the
investigating agency or agencies involved; and it is further

DATED:     New York, New York
            June 28, 2018

                                        HON. NEIL ROSS

                                    JUSTICE OF THE SUPREME COURT

                                    PT. 29  JUL 2 6 2018

4

EXHIBIT M

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

In the Matter

of

the application for an order authorizing the collection
of pen register data, trap and trace data, the acquisition
of certain geographic location information, and the use
of a cell site simulator, with respect to a cellular
telephone currently assigned telephone number ▮▮▮▮

ORDER AUTHORIZING THE
COLLECTION OF PEN
REGISTER DATA, TRAP AND
TRACE DATA, THE
ACQUISITION OF
GEOGRAPHIC LOCATION
INFORMATION, AND THE
USE OF A CELL SITE
SIMULATOR





ORDERED that this Order and supporting application shall be sealed until otherwise

3

ordered, or until such time as disclosure is required by New York State Criminal Procedure Law Article 700, except that copies may be retained by the District Attorney's Office, SNP, and the investigating agency or agencies involved; and it is further

DATED:  New York, New York
        September 12, 2018

PT-61  SEP 1 2 2018

_____
JUSTICE OF THE SUPREME COURT
HON. ABRAHAM CLOTT

4