

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/12/2023

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET, Rm. 3-177
NEW YORK, NY 10007

ALAN H. SCHEINER
Special Federal Litigation Division
phone: (212) 356-3455
fax: (212) 356-0399
email: ascheine@law.nyc.gov

> The Court does not anticipate that motion practice will be necessary to resolve this narrow issue. By **Friday, October 13, 2023,** Plaintiff shall file a letter response setting forth its position on the issue outlined below, and particularly addressing whether Plaintiff is prepared to identify any phone numbers that he contends or plans to argue at trial were used by Sgt. Roe to communicate with him during the relevant time period, and if not, why not. Plaintiff's letter shall be limited to 3 pages in length. In the event the parties can resolve this issue through further meet and confers, the parties shall file a letter representing that the issue is resolved.
>
> SO ORDERED:
> /s/ Katharine H. Parker
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE    10/12/2023

<u>Via ECF</u>

Hon. Katherine H. Parker
Southern District of New York
40 Foley Square, Room
New York, New York

    Re: *John Doe v. City of New York, et al.*, 22-CV-2690 (PKC) (KHP)

Your Honor:

    I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York (the "City"), assigned to the defense of the above-captioned matter. Defendants write pursuant to Fed. R. Civ. P. 26, 33, and 37, and Local Rule 37.2, to respectfully request a pre-motion conference regarding defendants' motion to compel plaintiff to identify any phone numbers that he contends were used by the individual defendant, Sgt. Richard Roe, to communicate with plaintiff during the relevant time. As set forth below, defendants served plaintiff with an interrogatory and a document request asking him to provide this information. This written discovery request was necessary because plaintiff testified at his deposition that there were three such numbers he used, but he was unable to recall any of them. Plaintiff has refused to respond to defendants' discovery requests, and counsel conferred in good faith regarding this dispute by telephone, and via subsequent emails, and the parties were unable to reach agreement.

    Defendants posed the following interrogatory and document request to plaintiff on August 30, 2023, and plaintiff's objections, received on September 29, 2023, are as follows.

> **Interrogatory No. 18.** Identify any means that plaintiff claims were used by defendant [Sgt. Richard Roe] to communicate (whether by voice, text or otherwise) with plaintiff, from March 1, 2018 through December 13, 2018, other than the phone account with the number (646) 832-9683. If any are identified, identify the means of communication by method, account name or number, and the make and model of any device used, and identify any documents or other evidence relied upon by plaintiff in formulating his response to this interrogatory.

>**Response:** Plaintiff objects to this Interrogatory on the basis that it is improper under Local Civil Rule 33.3. Pursuant to the foregoing objection, Plaintiff declines to answer this Interrogatory.
>
>**Document Request No. 33.** Produce, or if previously produced identify by bates number, any documents concerning, reflecting or evidencing communications referred to in plaintiff's responses to Interrogatories 18, 19, and 20.
>
>**Response**: As Interrogatories 18, 19, and 20 are improper under Local Civil Rule 33.3, Plaintiff has no response to this Request.

Plaintiff contends that he communicated with Sgt. Roe more often than is reflected in Sgt. Roe's work phone records, or indeed, in plaintiff's own phone records. See Plaintiff's Application to Subpoena Cell Phone Records, ECF No. 85 and Defendants' Opposition, ECF No. 91. At his deposition, plaintiff testified that Sgt. Roe used three different phone numbers to communicate with him during the relevant period, but plaintiff could not recall any of those numbers. Plaintiff's phone contacts contained only one number for Sgt. Roe, which was Sgt. Roe's work cell phone at the relevant time. In contrast to plaintiff's testimony, Sgt. Roe testified at his deposition that his work cell phone number is the only number that he used to communicate with plaintiff, and the only records of any communications between plaintiff and Sgt. Roe use that work number.[1]

It appears that plaintiff may falsely argue at trial that there was another specific phone number that belonged to Sgt. Roe. At deposition, plaintiff's counsel asked Sgt. Roe if he recognized a specific number, and he testified truthfully that he did not recognize it. That number in fact has no connection to Sgt. Roe, and it appears nowhere in any of plaintiff's cell phone records.

This dispute is important because defendants learned from Rikers Island phone records and recorded calls (produced in criminal discovery by the prosecutor) that on a single occasion while plaintiff was in custody, plaintiff called that particular phone number. In that call, plaintiff leaves a voicemail purportedly intended for Sgt. Roe, repeatedly asking for his assistance in his criminal case. (The recording contains no indication that the number actually belongs to Sgt. Roe.) Thus it appears that plaintiff's call – to a number appearing nowhere in his own phone records – was a staged, fraudulent attempt to manufacture false, purportedly exculpatory, evidence.[2]

Therefore, plaintiff's contentions about Sgt. Roe's alleged other phone numbers are critical to plaintiff's credibility. Plaintiff would not state any specific number at deposition because of a purported lack of memory, but that could change between now and trial. If plaintiff admits by

---

[1] After the meet and confer regarding this issue, plaintiff' counsel falsely claimed by email that defendants' counsel suggested that Sgt. Roe may have used other numbers to communicate with plaintiff. That is incorrect. Counsel's discussion on that subject concerned plaintiff's claims about other numbers, which defendants flatly deny. Counsel did also discuss Sgt. Roe's communications with another police officer, which might account for plaintiff's counsel's confusion.

[2] Plaintiff never attempted to call Sgt. Roe's actual number from custody, although plaintiff had routinely used that number to contact Sgt. Roe prior to being in custody.

interrogatory that he can identify no number (other than the undisputed work number), that would show that plaintiff's call from jail was a staged fraud. If plaintiff, however, contends that the number he called, or some specific other number, belongs to Sgt. Roe, that is a contention that defendants could disprove at trial.[3]

Plaintiff's sole objection is that the interrogatory is beyond the scope of Southern District Local Rule 33.3. The objection is misplaced. Local Rule 33.3(c) provides: "At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise." The interrogatory false squarely within this rule. But even under the other provisions of the Rule, the interrogatory was proper because it seeks information regarding "the existence . . . and general description of relevant documents . . . and other physical evidence," i.e., phone records. Local Rule 33.3(a). The interrogatory also falls within Local Rule 33.3(b), which allows additional interrogatories if they are "a more practical method of obtaining the information sought than a request for production or a deposition," since the question was asked at a deposition but plaintiff was unable to answer it. (Nor has plaintiff identified any documents sufficient to answer the question.) In the alternative, defendants respectfully request that the interrogatory be permitted by Court Order, in light of its relevance.

Plaintiff's objection to the related document request is illogical, since it relies on a Local Rule applying only to interrogatories. If as plaintiff contends the interrogatory is improper (and it is not), plaintiff should at least produce or identify documents responsive to the interrogatory as incorporated into the document request: all documents showing plaintiff's communication with Sgt. Roe by a number other than the one that it is undisputed.

Accordingly, defendants respectfully request that the Court overrule plaintiff's objections and compel plaintiff to respond to the interrogatory and document request set forth above by a date certain. We thank the Court for its consideration in this matter.

Respectfully submitted,

*Alan H. Scheiner* /s/

Alan H. Scheiner
Senior Counsel

cc (via ECF): Counsel for Plaintiff

---

[3] The discovery sought here is not equivalent to the plaintiff's requested fishing expedition through cell carriers for any number for Sgt. Roe that they could find, which the Court properly denied. Plaintiff's proposed subpoenas *did not specify a number*, suggesting that plaintiff knows that the number he called from custody did not belong to Sgt. Roe. Defendants, on the other hand, want to know what specific numbers plaintiff contends belongs to Sgt. Roe. Defendants are mindful that the Court has ordered that no further non-party discovery be conducted after October 13, 2023. Nevertheless defendants reserve the right to ask the Court's permission to take necessary third-party discovery regarding the ownership of any specific number that plaintiff identifies in response to the interrogatory, or in the alternative, to issue trial subpoenas for the same information.