UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

      Plaintiff,

      v.

THE CITY OF NEW YORK, *et al.*,

      Defendants.

Case No. 22 Civ. 2690 (PKC)

---

## OMNIBUS MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTIONS *IN LIMINE*

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

# TABLE OF CONTENTS

**PAGE NO.**

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT ........................................................................................................1

I.    DEFENDANTS SHOULD BE PRECLUDED FROM CALLING LAWRENCE
      H. NEWMAN, WHOM THEY FAILED TO PROPERLY DISCLOSE AND
      WHOSE TESTIMONY IS IRRELEVANT AND PREJUDICIAL, AS AN
      EXPERT ....................................................................................................1

      A.    Newman Is a Rule 26(a)(2)(B) Witness and, as Such, Subject to That Rule's
            Requirement for Disclosure of a Written Expert Report ...................................5

      B.    Newman Must Be Precluded Due to Defendants' Improper Designation and
            Disclosure Failures..............................................................................8

      C.    Newman's Testimony Must Also Be Precluded as Irrelevant, More Prejudicial
            than Probative, and Because It Invades the Province of the Jury ...................12

II.   ANY LAW ENFORCEMENT AND PROSECUTOR WITNESSES SHOULD
      BE PRECLUDED FROM TESTIFYING ABOUT THEIR BELIEFS
      CONCERNING PLAINTIFF'S GUILT....................................................................13

CONCLUSION....................................................................................................16

# TABLE OF AUTHORITIES

**PAGE NO.**

## CASES

*Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*,
    301 F.R.D. 31 (S.D.N.Y. 2014) ............................................................................... 11

*Allen v. Koenigsmann*,
    No. 19-cv-8173, 2021 WL 1552771 (S.D.N.Y. Apr. 20, 2021) ............................ 11

*Anderson v. Procter & Gamble*,
    No. 19-cv-04531, 2021 WL 1061197 (S.D. Ind. Mar. 19, 2021) ........................... 6

*Bank of China v. NBM LLC*,
    359 F.3d 171 (2d Cir. 2004) ............................................................................... 6, 8

*Briceno v. Scribner*,
    555 F.3d 1069 (9th Cir. 2009) ............................................................................... 14

*Burwell v. Mass. Bay Commuter R.R. Co.*,
    No. 14-cv-10178, 2015 WL 13684874 (D. Mass. Sept. 4, 2015) ........................... 6

*Bustamante v. KIND, Ltd. Liab. Co.*,
    100 F.4th 419 (2d Cir. 2024) ............................................................................... 12

*Cameron v. City of New York*,
    598 F.3d 50 (2d Cir. 2010) .................................................................................... 15

*Carr v. Cnty. of San Diego*,
    No. 19-cv-1139, 2021 WL 4244596 (S.D. Cal. Sep. 17, 2021) .......................... 7, 8

*Caruso v. Bon Secours Charity Health Sys. Inc.*,
    703 F. App'x 31 (2d Cir. 2017) .......................................................................... 5, 8

*City of Wyoming v. Procter & Gamble*,
    No. 15-cv-2101, 2019 WL 245607 (D. Minn. Jan. 16, 2019) ................................ 7

*Clayton v. Katz*,
    No. 10-cv-575, 2015 WL 1500248 (S.D.N.Y. Mar. 31, 2015) ............................... 8

*Coda Dev. S.R.O. v. Goodyear Tire & Rubber Co.*,
    565 F. Supp. 3d 978 (N.D. Ohio 2021) ................................................................. 6

*Colon v. N.Y.C. Hous. Auth.*,
    No. 16-cv-4540, 2024 WL 659938 (S.D.N.Y. Feb. 16, 2024) ............................... 9

*D'Attore v. Salmon*,
    572 F. App'x 17 (2d Cir. 2014) ............................................................................. 5

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993) ................................................................................................ 2

*Design Strategy, Inc. v. Davis*,
    469 F.3d 284 (2d Cir. 2006) ............................................................................. 8, 9

*Downey v. Bob's Disc. Furniture Holdings, Inc.*,
    633 F.3d 1 (1st Cir. 2011) .................................................................................... 6

*Fordec Realty Corp. v. Travelers Excess & Surplus Lines Co.*,
    No. 18-cv-00085, 2020 WL 1445711 (S.D.N.Y. Mar. 25, 2020) ......................... 8

*Galazo v. Pieksza*,
    No. 01-cv-01589, 2006 WL 141652 (D. Conn., Jan. 19, 2006) ......................... 15

*Gauvin v. State*,
    411 Md. 698 (Md. 2009) .................................................................................... 14

*Knarich v. State*,
    766 So. 2d 404 (Fla. Dist. App. Ct. 2000) ........................................................ 14

*Lighthouse Ranch for Boys, Inc. v. Safepoint Ins. Co.*,
    No. 22-cv-1988, 2023 WL 2613928 (E.D. La. Mar. 23, 2023) ........................... 6

*Martinez v. State*,
    761 So. 2d 1074 (Fla. 2000) .............................................................................. 14

*Moses v. Payne*,
    543 F.3d 1090 (9th Cir. 2008) ........................................................................... 14

*Newton v. State Farm Lloyds*,
    No. 21-cv-00322, 2022 WL 1217410 (E.D. Tex. Mar. 31, 2022) ........................ 6

*Nibbs v. Goulart*,
    822 F. Supp. 2d 339 (S.D.N.Y. 2011) ............................................................... 15

*Nnodimele v. Derienzo*,
    No. 13-cv-3461, 2016 WL 3561708 (E.D.N.Y. Jun. 27, 2016) .......................... 14

*Olutosin v. Gunsett*,
    No. 14-cv-00685, 2019 WL 5616889 (S.D.N.Y. Oct. 31, 2019) ........................ 10

*On Track Innovations, Ltd. v. T-Mobile USA, Inc.*,
    No. 12-cv-2224, 2015 WL 14072083 (S.D.N.Y. Jul. 24, 2015) ......................... 11

*Pal v. N.Y. Univ.*,
    No. 06-cv-5892, 2008 WL 2627614 (S.D.N.Y. Jun. 30, 2008) .......................... 11

*Patterson v. Balsamico*,
    440 F.3d 104 (2d Cir. 2006)........................................................................ 8

*Richman v. Respironics, Inc.*,
    No. 08-cv-9407, 2012 WL 13102265 (S.D.N.Y. Mar. 13, 2012).......................... 11

*Roman v. Sprint Nextel Corp.*,
    No. 12-cv-276, 2014 WL 5026093 (S.D.N.Y. Sep. 29, 2014) ............................ 10

*Softel, Inc. v. Dragon Med. & Sci. Communs.*,
    118 F.3d 955 (2d Cir. 1997)...................................................................... 8, 10

*State v. Singh*,
    245 N.J. 1 (N.J. 2021) ............................................................................... 14

*SuperCom, Ltd. v. Sabby Volatility Warrant Master Fund Ltd.*,
    No. 21-cv-2857, 2022 WL 2543788 (S.D.N.Y. Jul. 7, 2022).......................... 9, 11

*Tatum v. City of New York*,
    No. 06-cv-4290, 2009 WL 1748044 (S.D.N.Y. Jun. 19, 2009)............................ 10

*Tirado v. Shutt*,
    No. 13-cv-2848, 2015 WL 6866265 (S.D.N.Y. Nov. 9, 2015)............................. 9

*United States v. Dukagjini*,
    326 F.3d 45 (2d Cir. 2003)......................................................................... 13

*United States v. Gatto*,
    986 F.3d 104 (2d Cir. 2021)....................................................................... 13

*United States v. Jones*,
    56 F.4th 455 (7th Cir. 2022) ...................................................................... 14

*Variblend Dual Dispensing Sys. LLC v. Crystal Int'l (Grp.) Inc.*,
    No. 18-cv-10758, 2022 WL 17156550 (S.D.N.Y. Nov. 22, 2022)....................... 10

*Williams v. Cnty. of Orange*,
    No. 03-cv-5182, 2005 WL 6001507 (S.D.N.Y. Dec. 13, 2005)........................... 11

**RULES**

Fed. R. Civ. P. 26.................................................................................... passim

Fed. R. Civ. P. 37.................................................................................. 5, 8

Fed. R. Evid. 402 ................................................................................ 12, 15

Fed. R. Evid. 403 .................................................................................... 15

## PRELIMINARY STATEMENT

The Court should preclude Defendants' expert witness New York Police Department official Lawrence H. Newman from testifying because Defendants failed to provide an expert report as required under Rule 26(a)(2)(B) and the inadequate disclosure they served demonstrates that Newman's proposed testimony would only confuse the jury with irrelevant and misleading information.

The Court should also preclude any law enforcement or prosecutor witnesses from testifying about their subjective beliefs as to whether Plaintiff John Doe was guilty or harbored criminal intent. Such testimony is irrelevant and would almost certainly overwhelm the jury, improperly substitute the witnesses' views for the jury's, and unduly prejudice the jury against Plaintiff.

## ARGUMENT

## I. DEFENDANTS SHOULD BE PRECLUDED FROM CALLING LAWRENCE H. NEWMAN, WHOM THEY FAILED TO PROPERLY DISCLOSE AND WHOSE TESTIMONY IS IRRELEVANT AND PREJUDICIAL, AS AN EXPERT

Defendants' proposal to call New York Police Department official Lawrence H. Newman, purportedly to rebut the testimony of Plaintiff's expert, Joseph Pollini, is a transparent attempt to confuse the jury with irrelevant and misleading information cloaked in the authority of an "expert." It should be denied for that reason alone—but, more fundamentally, because Defendants failed to provide an expert report describing Newman's proposed testimony, as Rule 26(a)(2)(B) requires.

Inasmuch as Defendants suggest that Newman's testimony will be offered to "rebut" the testimony of Joseph Pollini, Plaintiff's expert, an understanding of the key elements of Pollini's testimony is necessary.

Pollini will testify to three significant ways in which Defendant Sergeant Richard Roe's relationship with Plaintiff deviated from best police practices, standard accepted police practices

concerning the handling of confidential informants ("CIs"), and clearly established policies set forth in the New York Police Department ("NYPD") Patrol Guide: (1) Roe failed to document interactions with Plaintiff in which: (a) Plaintiff provided information about a homicide, and (b) Roe allegedly contacted other officers concerning the homicide-related information that Plaintiff, as a CI, provided; (2) if, as Plaintiff alleges, Roe provided Plaintiff with his personal cell phone number and used his personal cell phone to communicate with Plaintiff, he improperly blurred the lines of the officer-CI relationship and risked destruction of evidence; and (3) Roe failed to initiate and maintain contact with Plaintiff for significant periods of time, risking Plaintiff's safety and the integrity of police investigations.[1]  *See* Dkt. No. 154-1 at 2–4 (redacted version of Pollini's expert report), Dkt. No. 144-2 at 2-4 (unredacted version of Pollini's expert report, filed under seal). Pollini will further testify that Roe risked significant discipline, up to and including loss of time or reassignment, if his failures came to light.  *Id.* at 4.

As this Court is aware, the key issue for the jury to decide is whether, at the time of Plaintiff's arrest and thereafter, Roe failed to disclose to other law enforcement officers that he had instructed Plaintiff to gather information, as a CI, from and about the person with whom Plaintiff was later charged with conspiring to murder a third person.  The jury will be asked to consider what motive Roe might have had to suppress this exculpatory information—and to lie

---

[1] Defendants made a *Daubert* motion to exclude Pollini's testimony before they disclosed their own expert, pursuant to the expert discovery schedule set by Magistrate Judge Parker.  *See* Dkt Nos. 112, 141, 142, 144. Judge Parker denied Defendants' *Daubert* motion on March 15, 2024 but limited Pollini's testimony as follows: "Pollini will be permitted to testify about police best practices/accepted police procedures and practices generally regarding handling of confidential informants and potential discipline for violation of such procedures and practices, [but] he will not be permitted to testify as an expert about NYPD procedures and practices."  Dkt No. 150 at 14.  However, Judge Parker noted that Pollini "can assume certain facts when rendering an opinion, but fact witnesses will testify as a factual matter about the actual police policies and procedures that were in place for NYPD officers at the relevant time."  *Id.* at 14-15.  As such, Pollini may testify about opinions he formed based on facts testified to and documents introduced, including provisions of the NYPD Patrol Guide, concerning NYPD procedures and practices regarding the handling of confidential informants.  He will testify that, in his professional judgment, Roe's deviation(s) from police norms were serious and could have led to discipline.

about it now, at this civil trial.  From Pollini's testimony, a jury could infer that Roe's deviation from accepted police practices caused him to fear that disclosing the exculpatory information at the time of Plaintiff's arrest or thereafter exposed him to the possibility of professional discipline.

Defendants' proposed expert, Lawrence H. Newman, executive director of the NYPD Department Advocate's Office ("DAO"), disputes none of this.  Rather, in a Rule 26(a)(2)(C) summary disclosure dated May 8, 2024, Defendants propose to call Newman to offer the immaterial and extraneous opinion that, in the view of the DAO, "any failure to officially document the October 3, 2018 and December 13, 2018 interactions between defendant Roe and the plaintiff [would] be *de minimus* [sic] matter[s], which would not call for disciplinary action by the DAO."  Ex. A at 3.[2]

To begin, having failed to comply with their obligation to provide an expert report as required by Rule 26, Defendants may not call Newman as a Rule 26(a)(2)(C) expert.  Newman purports to be an expert on the disciplinary practices of the DAO based on his experience working at the DAO, where he reviews disciplinary cases for the Department.  *Id.* at 2.  He has no personal involvement with Roe, or Roe's conduct vis Plaintiff, or any other specific issue in this case (there having been no review of Roe's actions by the DAO); he learned of Roe's misconduct with respect to Plaintiff—specifically, Roe's failure to document key interactions with a CI under his supervision—solely and exclusively from the record evidence gathered in the instant litigation. Consequently, Newman's testimony properly falls under Rule 26(a)(2)(B), which required Defendants to provide a full written expert report.  Defendants failed to do so.  Pursuant to Rule 37, Defendants' failure to comply with the disclosure obligations of Rule 26(a)(2)(B) precludes them from calling Newman as an expert witness.  *See infra* Parts I.A–I.B.

---

[2] All references to Exhibit A are to the exhibit attached to this Omnibus Motion.

Furthermore, Newman's testimony adds nothing to a jury's understanding of whether Roe had motive to conceal exculpatory information—nothing besides confusion and undue prejudice, that is—and it should be excluded on that ground.  The core of Newman's proposed testimony is that the DAO would regard Roe's failure to document his contacts with Plaintiff as "*de minimis*" violations that "would not call for discipline by the DAO."  Ex. A at 3.  This conclusion says nothing about—and indeed, is entirely disconnected from—Roe's behavior as alleged in this case (withholding evidence, which led to the wrongful detention and prosecution of an innocent man, in a context where fellow law enforcement agents should have been immediately notified so as not to pursue a baseless case), and there is no evidence that the DAO's alleged general view about failures to document has any application to the extraordinary facts of this case.  While Newman's testimony would confirm that Roe's conduct in failing to failing to document highly important contacts with a CI constitutes a violation of police protocol (albeit, in Newman's view, a "*de minimis*" one), it would also improperly shift the focus to the *DAO's* subjective conclusion about how important, or unimportant, such failure to document might be, in the context of the DAO's decision as to how and when to deploy its resources within a large police agency.  These are matters not just far afield from Polini's testimony and the issues in this case; they have no bearing, even inferentially, on whether Roe might have been worried that his misconduct opened him up to the possibility of discipline.  Exploration of the DAO's decision-making as to what and what not to prosecute is a detour with no relevance—and one that creates the certainty of jury confusion and unnecessary delay at trial.[3]  *See infra* Part I.C.

---

[3] Indeed, Newman acknowledges that, whatever the DAO may think of so-called "paperwork violations," an officer in Roe's position might well face discipline at the *command* level—a point that reinforces, rather than rebuts, Pollini's testimony.

**A.    Newman Is a Rule 26(a)(2)(B) Witness and, as Such, Subject to That Rule's Requirement for Disclosure of a Written Expert Report**

Federal Rule of Civil Procedure 26(a)(2)(B) requires that a party who seeks to introduce the testimony of an expert witness "retained or specially employed to provide expert testimony in the case or . . . whose duties as the party's employee regularly involve giving expert testimony" "must" provide a "a written report" that contains, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B).  Other kinds of experts—fact witnesses who have expert knowledge—are covered by Rule 26(a)(2)(C), and only a summary disclosure must be furnished.  "Frequent examples" of 26(a)(2)(C) witnesses, who "may both testify as a fact witness and also provide expert testimony[,] . . . include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony."  *D'Attore v. Salmon*, 572 F. App'x 17, 18 n.1 (2d Cir. 2014) (quoting Fed. R. Civ. P. 26(a)(2)(c) adv. comm. nn. (2010 Amends.)).

The Federal Rules are clear about the consequences of failing to furnish an expert report when required: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

The Second Circuit has held that the distinction between a Rule 26(a)(2)(C) "no-report" witness and a Rule 26(a)(2)(B) "report-required" witness "is between an expert who happened to have personal involvement with the events giving rise to the litigation"—from whom no report is required—"and an expert whose only involvement consists of aiding the already-initiated litigation"—from whom a report is required.  *Caruso v. Bon Secours Charity Health Sys. Inc.*, 703 F. App'x 31, 33 (2d Cir. 2017).  In reaching this conclusion, the Court of Appeals relied in part on

*Downey v. Bob's Disc. Furniture Holdings, Inc.*, which held that a Rule 26(a)(2)(C) "no report" witness is "a percipient witness who happens to be an expert," whose "opinion testimony arises . . . from his ground-level involvement in the events giving rise to the litigation," as compared to an Rule 26(a)(2)(B) "report-required" expert who "comes to the case as a stranger and draws the opinion from facts supplied by others, in preparation for trial." 633 F.3d 1, 6–7 (1st Cir. 2011).[4]

Thus, the Second Circuit has approved party employees to testify as Rule 26(a)(2)(C) witnesses—that is, without producing a proper expert report under Rule 26(a)(2)(B)—where the witness does not regularly provide testimony, testifies as a percipient lay witness as to their involvement in the events giving rise to the litigation, and also happens to have specialized knowledge or experience that qualifies them as an expert. *See, e.g.*, *Bank of China v. NBM LLC*, 359 F.3d 171, 182 n.13 (2d Cir. 2004).

But party employees who are *not* percipient witnesses and lack any personal knowledge or involvement in the events giving rise to the litigation, or whose *only* involvement in the case was to aid their employer in an already-initiated litigation based upon facts supplied in discovery, are not proper Rule 26(a)(2)(C) witnesses freed from the obligation of producing a fulsome report.

---

[4] Courts routinely apply *Caruso* and *Downey*'s percipience distinction not just to Rule 26(a)(2)(C) "retained or specially employed" experts but also to Rule 26(a)(2)(C) party employee experts. *See, e.g.*, *Lighthouse Ranch for Boys, Inc. v. Safepoint Ins. Co.*, No. 22-cv-1988, 2023 WL 2613928 at *5 (E.D. La. Mar. 23, 2023) ("[A] Rule 26(a)(2)(C) expert is confined to testifying only to opinions that arise from his or her ground-level involvement in the events giving rise to the litigation." (citation omitted)); *Newton v. State Farm Lloyds*, No. 21-cv-00322, 2022 WL 1217410, at *3 (E.D. Tex. Mar. 31, 2022) ("A non-retained expert's testimony under Rule 26(a)(2)(C) arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation." (citation omitted)); *Coda Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 565 F. Supp. 3d 978, 998 n.17 (N.D. Ohio 2021) ("Rule 26(a)(2)(C) 'is meant to apply *only* to so-called hybrid witnesses, i.e., fact witnesses who can also provide expert testimony'" (citation omitted) (emphasis added)); *Anderson v. Procter & Gamble*, No. 19-cv-04531, 2021 WL 1061197, at *2 (S.D. Ind. Mar. 19, 2021) ("Whether an expert must provide a complete report under 26(a)(2)(B) or a less extensive summary under 26(a)(2)(C) depends on the expert's relationship to the issues involved in the litigation."); *Burwell v. Mass. Bay Commuter R.R. Co.*, No. 14-cv-10178, 2015 WL 13684874, at *2 (D. Mass. Sept. 4, 2015) ("To serve as a non-reporting expert, a witness must have been personally involved in or witnessed the events giving rise to the litigation and his or her expert testimony must be incidental to such involvement." (citation omitted)).

Such persons are treated like retained experts subject to Rule 26(a)(2)(B)'s requirement that they provide a written report containing a statement of their opinions and the bases and reasons for them. *See, e.g.*, *Carr v. Cnty. of San Diego*, No. 19-cv-1139, 2021 WL 4244596, at \*4 (S.D. Cal. Sep. 17, 2021) (holding that disclosure of a San Diego Sheriff's Department lieutenant testifying based on "body worn camera recordings, various reports filed in the case, and deposition transcripts rather than his personal involvement in the relevant events . . . should have been governed by Rule 26(a)(2)(B) rather than Rule 26(a)(2)(C)"); *City of Wyoming v. Procter & Gamble*, No. 15-cv-2101, 2019 WL 245607, at \*3 (D. Minn. Jan. 16, 2019) (holding that a 26(a)(2)(C) party employee witness was properly designated because he was a "longtime employee" of the defendant corporation who was "directly and extensively involved with [the product that was the subject of the suit] 'for more than a decade prior to the commencement of this litigation,'" and his "testimony [wa]s based on his ground-level involvement with [the product]").

Here, Newman had no involvement of any kind in the events giving rise to the litigation, much less ground-level involvement of the sort required to exempt him from the obligation to provide a full written expert's report. *See* Ex. A at 3. His opinion concerning the DAO's view of the misconduct attributed to Roe is based solely upon his review of Pollini's expert report, deposition transcripts, the NYPD Patrol Guide, and his own purported expertise on DAO decision-making. *Id.* at 2. There is no basis to treat Newman as a hybrid percipient-expert witness and, notably, Defendants do not assert that he is one. Rather, having been enlisted as an expert after this litigation was already filed (and fact discovery was complete), Newman came to the issues in this case as a stranger, just as a retained expert would. He based his opinion on discovery evidence. *Id.* Consequently, he is not a proper Rule 26(a)(2)(C) witness, and Defendants were obligated to

provide a written expert report pursuant to Rule 26(a)(2)(B).  *See Caruso*, 703 F. App'x at 33; *Bank of China*, 359 F.3d at 182 n.13; *Carr*, 2021 WL 4244596, at *4.

### B.    Newman Must Be Precluded Due to Defendants' Improper Designation and Disclosure Failures

Defendants' failure to properly designate Newman as a Rule 26(a)(2)(B) expert witness and comply with their resulting disclosure obligations necessitates precluding Newman from testifying at trial.  *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial"); *see, e.g.*, *Fordec Realty Corp. v. Travelers Excess & Surplus Lines Co.*, No. 18-cv-00085, 2020 WL 1445711, at *6-8 (S.D.N.Y. Mar. 25, 2020) (finding preclusion to be the appropriate remedy for experts improperly designated as 26(a)(2)(C) witnesses, notwithstanding party's supplemental disclosures of expert reports under Rule 26(a)(2)(B) after opposing party's motion to preclude).

Although the language of Rule 37(c)(1) suggests that preclusion is the automatic remedy for a Rule 26 disclosure violation, the Second Circuit has approved a "flexible approach" by which courts may excuse a party's non-disclosure of an expert report in light of four factors.  *Clayton v. Katz*, No. 10-cv-575, 2015 WL 1500248, at *5 (S.D.N.Y. Mar. 31, 2015) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296-98 (2d Cir. 2006)).  They are: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (quoting *Softel, Inc. v. Dragon Med. & Sci. Communs.*, 118 F.3d 955, 961 (2d Cir. 1997)).  A showing of bad faith is not required to warrant preclusion.  *Colon v. N.Y.C. Hous. Auth.*, No. 16-cv-4540, 2024 WL 659938, at *2 (S.D.N.Y. Feb.

16, 2024) (citing *Design Strategy*, 469 F.3d at 296). The party resisting Rule 37 sanctions has the burden to show preclusion is not warranted. *Tirado v. Shutt*, No. 13-cv-2848, 2015 WL 6866265, at *2 (S.D.N.Y. Nov. 9, 2015).

As to the first factor, Defendants offer no explanation for their failure to comply. A party's mistaken belief that it complied with its Rule 26 disclosure obligations is insufficient as an explanation to avoid preclusion. *See SuperCom, Ltd. v. Sabby Volatility Warrant Master Fund Ltd.*, No. 21-cv-2857, 2022 WL 2543788, at *5 (S.D.N.Y. Jul. 7, 2022). Thus, even if Defendants were to argue they believed Newman was an appropriate Rule 26(a)(2)(C) witness, that is not enough.

Second, Newman's testimony is not "important," as set forth above; indeed, it is confusing, distracting, and does not actually rebut the testimony of Pollini. Newman's testimony would raise issues far beyond the narrow opinions offered by Pollini. Most notably, it would inject into this case the wholly irrelevant issues of the DAO's subjective view of so-called "paperwork" rule or protocol violations as opposed to others (cleaved from the specific context of this case), the DAO's prioritization of cases, its workload, and the exercise of its prosecutorial discretion. Not surprisingly, given the lack of personal knowledge or any "ground-level involvement" by Newman or anyone at the DAO of this specific matter, Newman cannot even testify that Roe's conduct would have gone undisciplined, and he doesn't suggest that he can.

Newman acknowledges that, even if the DAO did not consider Roe's conduct grounds for discipline, officers can also be disciplined at the command level "*without the involvement of the DAO.*" Ex. A at 2 (emphasis added). This adds yet another (confusing) layer to Newman's testimony—the overlapping power of the DAO and field commanders to impose discipline, a topic that would surely confuse the jury (and that Plaintiff had no ability to explore in discovery). These

factors, together with Newman's failure to address any of Roe's multiple other violations of policy, in addition to his failure to document his interactions with Plaintiff, means Newman cannot even conclusively testify that Roe's conduct would have gone undisciplined *by the DAO*. Accordingly, Newman's testimony is not "important," and this factor, too, weighs in favor of preclusion. *See Variblend Dual Dispensing Sys. LLC v. Crystal Int'l (Grp.) Inc.*, No. 18-cv-10758, 2022 WL 17156550, at *15 (S.D.N.Y. Nov. 22, 2022) ("[T]he issue before the Court is not whether the evidence is subjectively important to the party that seeks its inclusion, but rather the degree to which it is necessary to prove a claim."); *see also Olutosin v. Gunsett*, No. 14-cv-00685, 2019 WL 5616889, at *5 (S.D.N.Y. Oct. 31, 2019) (in excessive force case, holding that the second factor weighs in favor of preclusion because the importance of testimony concerning prison's use of force policies only "stems from the context and framing it can provide the jury . . . rather than its importance to resolving the ultimate issue of whether [d]efendants' conduct amounts to excessive force"). Here, Newman's proposed testimony really has no impact on the ability of Plaintiff or Defendants to prove or disprove any claim in this case.

Third, Plaintiff will be prejudiced if Newman is allowed to offer expert testimony, as Plaintiff's expert has not had an opportunity to respond, and the case is set for trial. Where the disclosure failure at issue is that of an expert, rather than of a lay witness, the third *Patterson* factor, prejudice to the opposing party, weighs in favor of preclusion. *See Softel*, 118 F.3d at 962. Prejudice will also be found where the disclosure failure has deprived the opposing party of the opportunity to respond to the improperly disclosed expert. *See, e.g.*, *Roman v. Sprint Nextel Corp.*, No. 12-cv-276, 2014 WL 5026093, at *8 (S.D.N.Y. Sep. 29, 2014); *Tatum v. City of New York*, No. 06-cv-4290, 2009 WL 1748044, at *4 (S.D.N.Y. Jun. 19, 2009). And courts have repeatedly found preclusion warranted under this factor where discovery is closed or the case is already set

for trial. *See, e.g.*, *Richman v. Respironics, Inc.*, No. 08-cv-9407, 2012 WL 13102265, at \*11 (S.D.N.Y. Mar. 13, 2012) (finding prejudice "severe" where expert discovery would need to be reopened); *On Track Innovations, Ltd. v. T-Mobile USA, Inc.*, No. 12-cv-2224, 2015 WL 14072083, at \*5 (S.D.N.Y. Jul. 24, 2015); *Pal v. N.Y. Univ.*, No. 06-cv-5892, 2008 WL 2627614, at \*5 (S.D.N.Y. Jun. 30, 2008); *Williams v. Cnty. of Orange*, No. 03-cv-5182, 2005 WL 6001507, at \*5 (S.D.N.Y. Dec. 13, 2005); *see also Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 33 (S.D.N.Y. 2014) (collecting cases). Here, all three bases for prejudice apply: (1) Defendants propose for Newman to testify as an expert, (2) the failure to properly disclose Newman and provide an expert report foreclosed Plaintiff's opportunity to have Pollini respond thereto, and (3) discovery closed months ago, *see* Dkt. No. 163, and the Court has directed the parties to now prepare for trial, *see* Dkt. No. 171.

Finally, this case is too far advanced for a continuance to allow remediation of the disclosure failure, rather than preclusion. The fourth factor weighs in favor of a continuance only where a case is "still in its relative infancy." *Allen v. Koenigsmann*, No. 19-cv-8173, 2021 WL 1552771, at \*3 (S.D.N.Y. Apr. 20, 2021); *see also Advanced Analytics*, 301 F.R.D. at 34 (collecting cases holding that continuance is not appropriate once discovery has closed). But where a case has already been set for trial, the fourth factor will weigh in favor of preclusion. *See Supercom*, 2022 WL 2543788, at \*5; *On Track Innovations*, 2015 WL 14072083, at \*5. As the parties are now preparing for trial, this factor too weighs in favor of precluding Newman's testimony.

In sum, all four *Patterson* factors weigh in favor of precluding Newman's testimony due to Defendants' failure to properly disclose Newman as a Rule 26(a)(2)(B) witness and comply with the concomitant reporting obligations.

**C.    Newman's Testimony Must Also Be Precluded as Irrelevant, More Prejudicial than Probative, and Because It Invades the Province of the Jury**

Whether or not the Court bars Newman's testimony on procedural grounds, Newman must nonetheless be excluded as a witness.  As discussed above, nothing on which Newman could opine has any bearing on the issues before the jury—and what testimony he could offer would confuse, overwhelm, and potentially invade the province of the jury, while introducing the certainty of a "trial within a trial" about the NYPD's disciplinary priorities and practices.

Newman addresses only one of the multiple bases upon which Roe risked discipline for his extensive breaches of NYPD policy.  Newman cannot testify that Roe would have faced no discipline, at any level, *even* for that one violation.  And the position of the DAO is not well-known to officers and so would not have factored into any calculus motivating Roe to suppress or disclose evidence.  Accordingly, Newman's expert testimony is irrelevant and per se inadmissible on that basis.  *See Bustamante v. KIND, Ltd. Liab. Co.*, 100 F.4th 419, 427 n.5 (2d Cir. 2024) (citing Fed. R. Evid. 402).

Newman's testimony is being offered to "rebut" the testimony of Plaintiff's expert, Joseph Pollini.  But it really does nothing of the sort.  Pollini, a former NYPD supervisor, will testify that Roe's conduct deviated from established police norms and procedures and, as such, could expose an officer to discipline if discovered.  He will say nothing about the DAO, its priorities, how seriously that office would take a violation of this sort, or precisely what discipline Roe might have been concerned about.  Especially because Newman's testimony will confirm, rather than refute, the conclusion that Roe's conduct, if proven, violated norms of policing, it will add nothing—other than confusion and unfair prejudice—for him to also testify that the DAO would exercise its prosecutorial discretion to treat such violations as *de minimis*.

Finally, Plaintiff would be significantly prejudiced if Defendants were permitted to offer Newman's smokescreen testimony to overwhelm the jury with the authority of an "expert" NYPD official, because it would mislead the jury into believing that Roe had no motive to suppress evidence. Newman's testimony therefore must be excluded as more prejudicial than probative pursuant to Federal Rule of Evidence 403. *See United States v. Gatto*, 986 F.3d 104, 117–18 (2d Cir. 2021) (excluding expert whose testimony "shed no light" on the defendants' state of mind and was likely to mislead the jury by inviting them to decide the case based on irrelevant information); *United States v. Dukagjini*, 326 F.3d 45, 53 (2d Cir. 2003) (noting that when a fact witness testifies as an expert, that title "confers upon him 'the aura of special reliability and trustworthiness surrounding expert testimony, which ought to caution its use'" lest undue prejudice result (citation omitted)).

Defendants should therefore be precluded from offering Newman's testimony because he is properly a Rule 26(a)(2)(B) witness, but Defendants failed to produce a written expert report, and because his testimony would be irrelevant and more prejudicial than probative, and it invades the province of the jury.

## II. ANY LAW ENFORCEMENT AND PROSECUTOR WITNESSES SHOULD BE PRECLUDED FROM TESTIFYING ABOUT THEIR BELIEFS CONCERNING PLAINTIFF'S GUILT

Law enforcement officers and district attorneys involved in prosecuting Plaintiff who might be called at trial cannot be permitted to offer their own subjective judgments about whether Plaintiff was, in fact, guilty of the attempted murder and conspiracy to commit murder charges he faced and/or whether he harbored criminal intent. At the most basic level, such testimony is irrelevant because the views of law enforcement officials on guilt or innocence are not "facts" that a jury can ever take into consideration. Moreover, were a prosecutor, police officer, or expert— cloaked in the mantle of their authority as "experts" on criminal activity—to testify to their belief

about Plaintiff's guilt or state of mind, such testimony would almost certainly overwhelm the jury, improperly substitute the official's view for the jury's own, and unduly prejudice the jury against Plaintiff.

In criminal cases, courts uniformly forbid police officers, prosecutors, and experts from testifying that they believe a criminal defendant is guilty—and with good reason. Such a conclusion is irrelevant—and coming from a such a seemingly authoritative source, it is certain to overwhelm the jury and invade its province. *See, e.g.*, *United States v. Jones*, 56 F.4th 455, 490 (7th Cir. 2022) (holding investigating officers' opinions on guilt or innocence are irrelevant); *Briceno v. Scribner*, 555 F.3d 1069, 1077 (9th Cir. 2009) (holding an expert may not testify about a defendant's guilt (citing *Moses v. Payne*, 543 F.3d 1090, 1105 (9th Cir. 2008))); *State v. Singh*, 245 N.J. 1, 27–28 (N.J. 2021) ("[A] police officer may not testify as to a criminal defendant's guilt or innocence . . . [because] juries may be inclined to accord special respect to police testimony . . . [or be led to] believe that the police are in possession of additional damning information that the defendant is guilty but is being kept from the direct hearing of the jury" (internal citations and quotation marks omitted)); *Gauvin v. State*, 411 Md. 698, 730 (Md. 2009) ("Police officers, and other expert witnesses alike . . . are not permitted to testify as to the defendant's guilt or innocence."); *Knarich v. State*, 766 So. 2d 404, 405 (Fla. Dist. App. Ct. 2000) (holding "a witness, especially a police officer, should not give an opinion as to the guilt or innocence of the accused" because such testimony is irrelevant and more prejudicial than probative (citing *Martinez v. State*, 761 So. 2d 1074, 1079 (Fla. 2000))).

This same rule applies in civil actions where the propriety of an arrest or prosecution is at issue. For instance, *Nnodimele v. Derienzo* was a Section 1983 action in which the plaintiff alleged that defendants fabricated and suppressed evidence, causing the plaintiff to spend years in custody

on charges for which prosecutors later said they lacked sufficient evidence of guilt. No. 13-cv-3461, 2016 WL 3561708 (E.D.N.Y. Jun. 27, 2016). In deciding the parties' motions *in limine*, the court held that prosecutor witnesses and experts would not be permitted to testify as to the plaintiff's guilt or innocence on the underlying criminal charges, nor on whether probable cause existed for his arrest and prosecution. *Id.* at *10, *14. Likewise, the court prohibited defendants' witnesses from testifying about prosecutors' "thought processes" or why the charges against the plaintiff were ultimately dismissed. *Id.* at *12. Such testimony would be irrelevant, prejudicial, and intrude upon the province of the jury, the court held. *Id.*

For these reasons, courts in this circuit routinely recognize, and act to prevent, the significant risk of prejudice from prosecutors, police officers, or experts testifying that a civil rights plaintiff was guilty of the criminal charges he is challenging. *See id.* at *10, *12, *14; *Nibbs v. Goulart*, 822 F. Supp. 2d 339, 347 (S.D.N.Y. 2011) (in malicious prosecution case, forbidding prosecutor from testifying about the presence or absence of probable cause and noting the significant risk of prejudice where a prosecutor testifies as to elements of law because that is "an area where his or her status as a prosecutor might mislead the jury into according his or her testimony inappropriate weight" (citing *Cameron v. City of New York*, 598 F.3d 50 (2d Cir. 2010))); *Galazo v. Piekza*, No. 01-cv-01589, 2006 WL 141652, *4 (D. Conn., Jan. 19, 2006) (in Section 1983 police misconduct case, noting that "[r]egardless of jury instructions to the contrary, juries tend to believe the testimony of a police officer over" the plaintiff's).

Accordingly, under Federal Rules of Evidence 402 and 403, Defendants should be prohibited from eliciting testimony from any law enforcement or prosecutor witness that Plaintiff was guilty of the attempted murder or murder conspiracy charges against him, or that he harbored the requisite criminal intent, because such testimony would be irrelevant and more prejudicial than

probative.  The risk is too high that a jury would place undue weight on the testimony of a prosecutor, police officer, or other expert that, in their investigative experience and seemingly "expert" opinion, Plaintiff is a would-be murderer.  And that risk is only exacerbated because such testimony has no probative value.  Simply put, permitting such testimony would serve no purpose but to disparage Plaintiff and encourage the jury to find against him purely out of fear, prejudice, or enmity.  The testimony must be excluded.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motions *in limine*.

Dated: October 2, 2024
New York, New York

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

/s/
_____
Andrew G. Celli, Jr.
Katie Rosenfeld
Emily Wanger

600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Plaintiff John Doe*
