UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN DOE

        Plaintiff,

   -against-          22-cv-2690 (PKC)
                   ORDER

CITY OF NEW YORK, et al.,

        Defendant.
------------------------------------------------------------x
CASTEL, U.S.D.J.

   Plaintiff seeks to file final pretrial submissions, including proposed jury instructions and voir dire, under seal with only redacted versions on the public record. (ECF 175.) The request extends to shielding from public view the names of ten of plaintiff's eleven trial witnesses.

   Doe alleges that he worked as a confidential informant for the NYPD for five years. Since the work as a confidential informant occurred as early as late 2016 or early 2017, the Court assumes that he is not presently a confidential informant. Plaintiff was charged at some point with conspiracy to commit a murder, a charge that was dismissed. He attributes his arrest and detention to the failure of his undercover handler to disclose the nature of his work as a confidential informant. He alleges that his police handler engaged in "outrageous conduct and demonstrated a callous indifference to and willful disregard of Plaintiff's federal and state protected rights." (Complaint ¶ 57.)

   There is a presumption of of public access to judicial proceedings and judicial documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). In this case, the public interest is strong in knowing the details of possible police misconduct.

In a criminal trial, undercover police officers have been permitted to testify under a pseudonym. United States v. Mial, 21 cr 499-05, 2022 WL 5240988, at *7 (S.D.N.Y. Oct. 6, 2022). While safety is part of the concern, the Second Circuit has emphasized that the governmental interest in "the continued effectiveness of an undercover officer is an extremely substantial interest. . . ." Ayala v. Speckard, 131 F.3d 62, 72 (2d Cir. 1997) (en banc).

In the case of a cooperating witness or a confidential informant, his or her true identity is usually disclosed in the course of testimony despite very common safety concerns arising from their cooperation or work with law enforcement. This is true even if the witness is in a "Witness Security" program under the supervision of the United States Marshal Service. There are, of course, rare cases justifying extraordinary precautions where witnesses have been permitted to testify under a pseudonym.

The Court does not have a record before it that would justify continued sealing of the identity of plaintiff, the police handler who managed his confidential work, or the trial witnesses in this case. There has been no evidentiary showing that plaintiff's or the handler's undercover work for NYPD is on-going such that disclosure would impair on-going investigations. There has been no evidentiary showing of a continued serious safety concern to anyone arising to the level of overcoming the public's right of access.

The application is DENIED. The Court will permit the material to remain sealed until October 23, 2024, to permit the parties to make further submissions on the issue.

SO ORDERED.

_P. Kevin Castel_
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 3, 2024