> *[Handwritten annotation by Judge:]* As defendants candidly concede, the proposed motion would not be addressed to a claim but only one theory of liability under a claim. Success or failure would accomplish little. If defendants insist on pursuing this they shall file their motion within 14 days, with a response due in 14 days thereafter and reply 7 days. SO ORDERED. /s/ PKC USDJ 10-3-24
>
> *[Handwritten annotation:]* Letter motion ECF 164 should be terminated.

MURIEL GOODE-TRUFANT
*Acting Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET, Rm. 3-177
NEW YORK, NY 10007

ALAN H. SCHEINER
Special Federal Litigation Division
phone: (212) 356-3455
fax: (212) 356-0399
email: ascheine@law.nyc.gov

July 22, 2024

**Via ECF**
Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *John Doe v. City of New York, et al.*, 22-CV-02690-PKC-KHP

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, representing defendants City of New York and Sgt, Roe.[1] Defendants write pursuant to the Court's Individual Practices to respectfully submit this pre-motion letter concerning a proposed motion for partial summary judgment. (There is no conference or hearing currently scheduled in this matter.)

      Plaintiff's complaint purports to allege claims against Sgt. Roe under 42 U.S.C. § 1983 for "Excessive Pre-trial Detention" (First Cause of Action) and Malicious Prosecution (Second Cause of Action), and under state law for "False Imprisonment" (Third Cause of Action) and Malicious Prosecution (Fourth Cause of Action) against Sgt. Roe and the City under *respondeat superior* Plaintiff has agreed to stipulate to the dismissal of the claims for malicious prosecution under federal and state law, leaving only the claims for "Excessive Pre-Trial Detention" and false

---

[1] The names of the parties and some factual details are omitted from this filing in light of plaintiff's concerns regarding confidentiality in this matter and the sealing and confidentiality orders in this case. Pursuant to the Court's order sealing the unredacted complaint (ECF No. 3) and the Confidentiality Stipulation and Protective Order (ECF No. 11), defendants respectfully request permission to file the exhibits to this letter under seal. Defendants' reserve the right to object to confidential treatment of some or all of the facts of this case at the time of trial.

imprisonment. Defendants propose to move to dismiss plaintiff's remaining claims to the extent that the claim is based on the undisputed facts described below.

In late 2018, plaintiff was arrested based upon wire-tap evidence gathered in an investigation by the federal-state Joint Narcotics Task-Force, in which Sgt. Roe had no involvement. Plaintiff was prosecuted by the Office of the Special Narcotics Prosecutor ("OSNP") and indicted for entering into a murder conspiracy with a non-party alleged co-conspirator ("Co-Conspirator A"), to murder a third person ("Person B."). Sgt. Roe played no role in the investigation leading to plaintiff's arrest, and had no knowledge of that investigation until the date of plaintiff's arrest. Nor did Sgt. Roe testify in the grand jury that indicted plaintiff.

Plaintiff was in custody for approximately 9 months and the charges against him were dismissed by the prosecution 20 months after plaintiff's arrest. According to the prosecution's Dismissal on Recommendation, information that Sgt. Roe provided about his communications with plaintiff (described below), impaired the prosecution's ability to prove intent beyond a reasonable doubt. The prosecution stated that they did not find any misconduct by Sgt. Roe. *See* Ex. A, Dismissal on Recommendation at 5 (filed under seal).

Plaintiff claims that when he had the conversations with Co-Conspirator A that were the basis for his arrest and indictment, he did so as part of his work a Confidential Informant ("CI") for the NYPD, for which Sgt Roe was his 'handler.' Further, plaintiff claims that he told Sgt. Roe about some of plaintiff's contacts with Co-Conspirator A, and although plaintiff does not claim that he told Sgt. Roe "all the details" of his discussions with Co-conspirator A, Sgt. Roe authorized plaintiff to "get closer" to Co-Conspirator A. *See* Exhibit B, Excerpt of Plf. Dep. Test.108:18-111:11 (filed under seal).

Plaintiff's claim rests on two distinct theories. The first theory may rely on undisputed facts about the communications between plaintiff and Sgt. Roe, and Sgt., Roe's disclosures to the prosecution team. The evidence shows that plaintiff had some communications with Sgt. Roe about Person B (the intended victim of the murder conspiracy), and plaintiff offered his assistance to the police in apprehending Person B for the murder of a third-person ("Person C") two months prior to his arrest, and again on the date of his arrest. Documents reflecting communications between Sgt. Roe and the OSNP, and testimony from Sgt. Roe and the lead investigator in plaintiff's prosecution, show that Sgt. Roe disclosed those communications to the prosecution team at or soon after the time of plaintiff's arrest. *See, e.g.,* Exhibit C, Excerpt of Dep. Test. of Investigator at 92:18-96:15 (filed under seal). Those are the same facts that were later cited by the prosecutor, who was newly assigned to try the case, in the Dismissal on Recommendation filed long after the communications had been disclosed by Sgt. Roe. *See* Ex. A at 4-5 (under seal). Prosecutors found no evidence that Sgt. Roe knew of any plot with Co-Conspirator A to kill Person B. *Id.* at 5.

To prevail on an 'excessive detention' claim, plaintiff must establish a Due Process violation arising from withholding exculpatory evidence. He must prove that "(1) that he has a right to be free from continued detention stemming from law enforcement officials' mishandling or suppression of exculpatory evidence, (2) that the actions of the officers violated that right, and (3) that the officers' conduct 'shocks the conscience.'" *Taylor v. City of N.Y.*, No. 18-cv-5500 (KAM)(ST), 2021 U.S. Dist. LEXIS 41246, at *19 (E.D.N.Y. Mar. 4, 2021) (quoting *Russo v. City*

2

of Bridgeport*, 479 F.3d 196, 205 (2d Cir. 2007)). In order to establish that the conduct 'shocks the conscience,' plaintiff must show, at a minimum, that Sgt. Roe knew that the withheld evidence was material to plaintiff's prosecution and was exculpatory. *See Bellamy v. City of New York*, 914 F. 3d 727, 751 n.23 (2d Cir. 2019) (The Second Circuit has "suggested, though without so concluding, that a civil Brady claim requires a showing that the non-disclosure was intentional."); *see also Fappiano v. City of New York*, 640 F. App'x 115, 119 (2d Cir. 2017) (affirming summary judgment dismissing fair trial claim because of insufficient evidence that officer "intentionally withheld" the *Brady* material).

A theory based on these undisputed facts cannot succeed. Sgt. Roe timely disclosed to the prosecution team the details of plaintiff's offers to assist in the apprehension of Person B. But even if plaintiff could create a tenuous issue of fact about whether those facts were disclosed soon enough, that would be insufficient because Sgt. Roe would not have had sufficient reason to believe that those facts were material and exculpatory. Sgt. Roe was not involved in the investigation of plaintiff, and has never heard the wire-tap evidence against plaintiff; he was provided only incomplete and third-hand knowledge of the prosecution. Even with full knowledge about the details of the prosecution, the undisputed communications between Sgt. Roe and plaintiff are not sufficiently material to support Due Process liability. For these reasons, and others, any claim based on the first theory should be dismissed.

In the second theory, plaintiff claims that Sgt. Roe knew of plaintiff's discussions with Co-Conspirator A about the plot to murder Person B, and Sgt. Roe authorized plaintiff to continue investigating Co-Conspirator A with knowledge of those discussions. Sgt. Roe denies those allegations, which are based solely on plaintiff's uncorroborated testimony. Because that theory is based on disputed facts it would not be the basis for defendants' motion, but it is a substantially narrower claim than the first theory detailed above.

Although defendants' motion based on the first theory would not dispose of the entire case, it would substantially clarify and, if successful, narrow the issues to be tried, streamlining and simplifying the case for the Court and the jury. Accordingly, the interests of justice and the goals of Fed. R. Civ. P. 1 would be served by the Court considering and ruling on the proposed motion.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*Alan H. Scheiner* /s/
Alan H. Scheiner
Senior Counsel
Special Federal Litigation Division

cc: All Counsel (by ECF)